No. 1487.—CULVER, SIMONDS & Co. *v.* H. J. LEOVY et als.—B. B. HART, surety on appeal bond.

The signing of a final judgment by the judge, is a judicial act, which can only be performed in *term time.* Acts of 1866, M. 86.

The signature of the judge placed to a final judgment, out of term time, will have no effect.

APPEAL from the Sixth District Court, of New Orleans. *Duplantier,* J. *Race, Foster & E. T. Merrick,* for plaintiffs and appellees. *H. J. Leovy* and *George W. Christy,* for defendants and appellants.

HOWELL, J. This is an appeal from a judgment on a rule against the surety on an appeal bond, rendered on twenty-seventh June and signed on twenty-second July, 1867.

A rule for a new trial was taken by the surety on the twenty-ninth June, and fixed, on motion, for the fourth day of November following. The order fixing this rule was rescinded on the fifteenth July, and the rule fixed for trial on Monday, twenty-second July, notice of which was given to the surety, who on the day fixed opposed the trial of his rule on the grounds that it had already been fixed for November; that such a rule could not be tried in vacation, and if tried, judgment could not be signed in vacation. These objections were overruled, the motion for a new trial was dismissed and the judgment against the surety was signed on the same day, from which this appeal was taken on the thirtieth July, 1867.

Conceding that it was within the discretion of the judge *a quo* to rescind his order fixing the rule for trial on fourth November and fix and try it in vacation (upon which we express no opinion), we think the signing of definitive judgments is a judicial act, which can be performed only in term time. It is the completion, the perfecting of the judgment and renders it executory.

The act No. 86, of 1866, expressly provides that the District Courts in New Orleans "shall be open from the first Monday of November to the fourth day of July; and for criminal and probate *causes,* for *granting* interlocutory orders and writs of arrest, *habeas corpus,* injunctions, sequestrations, attachments, mandamus and provisional seizures, *on a motion to quash,* and not upon their merits, they shall remain open all the year; also for the purpose of trying proceedings instituted by a landlord for the possession of leased property" The signing of a definitive judgment, which gives it vitality, is not granting an interlocutory order, and upon the maxim "*expressio unius, exclusio alterius,*" we must infer that such an act was not authorized by the above statute. The law maker has been careful to express for what particular proceedings and business the courts shall be open all the year, and the act necessary for making judgments in other matters final, not being mentioned, is excluded.

Counsel for plaintiffs say, so soon as the obstacle to the judgment

becoming final, interposed by the rule for a new trial, was removed by the overruling of the motion, it was the duty of the judge to sign the judgment, as he did. This is so, if it was at a time when he could exercise such judicial power.

When the term closed on the third day of July, 1867, the surety knew that the judgment against him had not become final, and consequently that it could not regularly become so until the next term, as the law had not authorized the exercise of the necessary judicial function in vacation.

The signing of the judgment at the time was a nullity, therefore the judgment is not final. It may yet be legally signed.

It is therefore ordered that the appeal be dismissed.