The opinion of the court was delivered by
Watkins, J.
The representations of the relator are, that one Ellen Johnson instituted suit against it for two thousand dollars damages for alleged injuries received, and that on trial there was judgment rendered in plaintiff’s favor for the full amount claimed, from which relator suspensively appealed to the respondents’ court at its session to be held in the parish of Tangipahoa-on the second Monday of February, 1895.
That at said term said cause was duly argued and submitted to the respondents, and that at the time of the submission it was agreed that the respondents should decide the case at chambers, each party *906 having the right to apply for a rehearing within ten days from the filing of the judgment in the clerk’s office of said parish.
That respondents held said cause under advisement from February, 1895, to the February term of 1896, when they announced their inability to agree; and they thereupon appointed J. M. Wilson, Esq., of Greensburg, to act as judge ad hoc, and soon thereafter adjourned their court sine die.
That it made objection, at once, to the selection and appointment of said judge ad hoc, and gave to the respondents due and timely notice thereof; and further notified them that its consent and agreement to permit said cause to be decided in chambers only applied to them personally, and did not apply to the aforesaid judge ad hoe; and that it could not and would not agree to the court, as at present constituted, hearing and deciding the case in chambers.
That it urgently insisted upon respondents’ assigning the case for reargument in open court, at its next regular session in the parish of Tangipahoa, on the second Monday of July, 1896, when it desired to tender to the court a plea of recusation of the aforesaid judge ad hoe; and that it was subsequently informed by one of the respondents that, after having had a conference with his associate, it had been determined to refuse its request, but that they would convene their court in Amite City on the first Monday of April, 1896, to pass upon such motion for the recusation of the judge ad hoc as it should desire to tender.
That it was further informed that respondents could, in the event its motion was disallowed, at once proceed, with the assistance of said judge ad hoc to decide the case, after hearing argument; and, in the event its motion should be sustained, to appoint some other attorney at law, and proceed, with his assistance, to decide the case, after hearing argument.
Thereupon relator avers that respondents have no right, or power to hold a regular or special term of the Court of Appeals on the first Monday of April, 1896, and that their action is at variance with the provisions of the Constitution, which fixes the terms of said court in the parish of Tangipahoa on the second Mondays in February and July of each year. Const., Arts. 98 and 99.
That all final judgments must be .rendered in open court (O. P. 543), and it necessarily follows that their judgment must be rendered in term time, as indicated in the Constitution, unless there is an agreement to the contrary.
*907 Wherefore the prayer of the relator is for the issuance and maintenance of the writs of certiorari and prohibition.
One of the respondents returns that the averments of the relator are substantially correct, and submits the matter to the court; and the other respondent made like return, with this exception, that the agreement of counsel that the cause be decided at chambers comprehended, in the opinion and practice of their court, “ all proceedings necessary to be had in said cause (up) to final judgment.”
On this statement of the case two propositions are evident: (1) that the respondents are without power to convene their court for the transaction of business at any other places or times than those which are particularly designated in the Oonsitution; (2) that causes at issue in their court can not be taken under advisement by them and decided in chambers without a specific agreement of parties, or their counsel, of record, to that effect.
The Oonstitution designates the times and places at which respondents must hold sessions of their court; and it has been frequently decided by this court that the signing of final judgments by a judge is a judicial act which can only be performed in term time; and that his signature affixed to a final judgment out of term time will have no legal effect. Culver vs. Leovy, 21 An. 306; Hernandez vs. James,23 An. 483; State ex rel. Dixon vs. Judge, 26 An. 119; Succession of Bougére, 29 An. 378; Laurent vs. Beelman, 30 An. 363.
The Code of Practice declares, in terms, that “ all judgments must be read and signed by the judge, in open court.” Art. 543.
But it has been decided that it is competent for the parties to a suit, or their counsel of record, to make an agreement that the judge who tries the case shall take it under advisement and render a judgment, and sign it after the court shall have adjqurned.”
Morrison vs. Citizens Bank, 27 An. 401; Green vs. Reagan, 32 An 974; City vs. Gauthreaux, 32 An. 1126; Rust vs. Faust, 15 An. 477.
This record furnishes no proof of an agreement to permit the respondents to take relator’s case under advisement, and render and sign a final judgment in chambers, except what we have quoted from the petition and return.
It may well be — and that is relator’s contention — that when the agreement was made, it was not within the contemplation of the parties that a disagreement between respondents would necessitate the selection of a judge ad hoc.
*908 We are of opinion that relator has stated a ease entitling it to relief.
It is therefore ordered and decreed that the provisional writ of prohibition be made peremptory at the cost of respondents.