No. 862

First Circuit

GREEN v. FREDERICK ET AL.

(October 7, 1931.   Opinion and Decree.)

See, also, 13 La. App. 560, 127 So. 132.

Harvey E. Ellis and Frank B. Ellis, of Covington, attorneys for plaintiff, appellee.

Morgan & Simmons, of Covington, attorneys for defendants, appellants.

MOUTON, J. Judgment was rendered in favor of plaintiff against defendant by Judge Prentiss Carter, December 1, 1930, in chambers, giving defendant the right to appeal devolutively or suspensively on furnishing bond. There was no agreement of record between counsel in the case or the litigants authorizing Judge Carter to render and sign this final judgment in chambers.

Act 94 of 1898, p. 117, requires district judges to render their judgments within thirty days from the time the cases are submitted to them. It is provided in section 2 of that act that the judge may forward his decree to the clerk of the court where the case was tried when the judge is holding court in another parish or in case there is a vacation of said court.

There is nothing in the record or in the judgment to indicate that it was rendered under the circumstances above stated when the judge is permitted to send his decree to the clerk. It therefore appears that even under the provisions of that statute the court had no power to render the judgment in chambers.

Under article 543, C. P., all judgments must be read in open court. It is obvious that this judgment was not read in compliance with the sacramental requirements of that article. Article 543, C. P., was amended by Act 267 of 1916, p. 554, which permits district judges to render, read, and sign judgments in open court in any parish in their district to be forwarded to the clerk of the court where the case originated. This judgment was rendered in chambers without any indication even as to the parish in which it was rendered. Evidently, it was not read, rendered, or signed in open court, as required by Act 267 of 1916. As there was no agreement between counsel or the litigants authorizing the rendition of the judgment in chambers, it had no legal effect, and is a nullity. State ex rel. Illinois Central R. R. Co. v. Judges of Court of Appeals, 48 La. Ann. 905, 19 So. 932.

The rendering of a judgment in chambers without authorization, the court in the above-cited case assimilates it to a judgment rendered in vacation or out of term time which the court held void in Culver v. Leovy, 21 La. Ann. 306; Hernandez v. James, 23 La. Ann. 483; State ex rel. Dixon v. Judge of Fifth District Court, 26 La. Ann. 119; Succession of Bougere, 29 La. Ann. 378; and Laurent v. Beelman, 30 La. Ann. 363; cited in State ex rel. Illinois Cent. R. Co. v. Judges of Court of Appeals, 48 La. Ann. 905, 19 So. 932.

Counsel for plaintiff and appellant refers to James v. St. Charles Hotel Co., 145 La. 1004, 83 So. 222; Hanchey v. St. Louis, I. M. & S. Ry. Co., 135 La. 352, 65 So. 487, where it is held that no appeal lies from an unsigned judgment, and that the appeal in such a case should be dismissed.

This rule has been generally followed in such instances.

In State ex rel. Illinois Cent. R. Co. v. Judges of Court of Appeals, 48 La. Ann. 905, 19 So. 932, above referred to, the judgment was declared null because rendered in chambers without any authorization by counsel or the parties to the suit. In ruling that it was null, the court in that case, in support of its conclusions, cited the case of Culver, Simonds & Co. v. Leovy et al., 21 La. Ann. 306, where it was held that a judgment rendered out of term time was null. In that case the court in concluding its opinion, said as follows: "The signing of the judgment at the time was a nullity, therefore the judgment is not final. It may yet be legally signed," and the appeal was dismissed. In dismissing the appeal, the court therefore followed the rule where the judgment is incomplete for the lack of signature and where it is usually said that the appeal is necessarily premature. Nicholls v. Maddox, 52 La. Ann. 496, 26 So. 994.

This reasoning would logically lead to a dismissal of the appeal, that the judgment might be subsequently signed for the protection of the right of appeal which is constitutionally favored.

In this case, however, it appears that Judge Carter's term of office has expired, and that he has been succeeded on the bench by Judge Ott.

Article 543, C. P., provides that all judgments must be read by the judge in open court. A compliance with that requirement would not cure the defects which are apparent in the judgment appealed from if merely referred to Judge Ott for his signature.

Act 267 of 1916, page 554, in amending that article, says:

"All judgments must be rendered, read and signed by the judge in open court."

It then provides, if rendered in a parish different from the one in which the case has originated, that the judge shall have the right "to render, read and sign judgments in open court," etc. Obviously, the signing of the judgment by Judge Ott, if we dismissed the appeal, would not be a compliance with the "rendering and reading" thereof, as demanded by the statute. Besides, the direction to sign the judgment would be an attempt to impose upon the district judge the mere performance of a ministerial duty inconsistent with the functions of his office, and with the provisions of the statute which refer, not to the mere signing of a judgment when rendered out of the parish where the case has originated, but to the "rendering and reading" of the judgment, words indicating the expected exercise of the usual functions vested in the judiciary.

The nullity of a judgment can be demanded on appeal when it is apparent on the face of the record. C. P. art. 609.

The nullity is apparent here, and its nullity may be declared on appeal. Riggin v. Merchants' Bank, 19 La. Ann. 373; Champlin v. Bakewell, 21 La. Ann. 353.

In Riggin v. Merchants' Bank, 19 La. Ann. 373, supra, where a final judgment was rendered, without a previous default, it was declared a nullity, and the case was remanded for trial.

In this case, we think, the situation warrants the adoption of a similar course, and that the case should be remanded.

It is therefore ordered, adjudged, and decreed that the judgment be annulled and avoided, and that this case be remanded to be proceeded with according to law; appellee to pay the cost of appeal, the other costs to await the decision of the case.