### JACKSON et al. v. JACKSON.
### No. 1496.

Court of Appeal of Louisiana. First Circuit.
Oct. 3, 1935.

Leslie A. Fitch, of Baton Rouge, for appellants.

R. F. Walker, of Baton Rouge, for appellee.

LE BLANC, Judge.

Counsel for defendant, appellee herein, has filed a motion to dismiss this appeal, based on two grounds: First, that no definite judgment or final decree was filed in the record, nor is there any evidence in the record that a final decree has ever been written and signed by the district judge. Second, that the record does not show that an appeal was ever asked for, or citation of appeal ever prayed for; nor was any citation ever served on the appellee.

Upon examining the record, we find a perfectly valid decree, signed by the district judge, in open court, following his written reasons for judgment. We know of no law or rule of procedure which requires a separate decree in cases where a judge hands down written reasons for the judgment which he decrees. The method pursued by the district judge in this case is one that is followed by most district judges, and it has never been questioned as far as we know. It is the decree which forms the necessary and important part of a judgment, and as there is a formal decree, signed in open court by the district judge, in this case, there is therefore a valid judgment on which the appeal is based. There is no merit in the motion to dismiss the appeal on this ground.

We find no more merit in the second contention urged in support of the motion. The minutes of court show that the appeal was granted in open court, on the same day that the judgment was rendered, and the Code of Practice itself provides that where an appeal has been granted upon motion in open court, "no citation of appeal, or other notice to appellee, shall be necessary." Code Prac. art. 574; Isabella v. Pecot, 2 La. Ann. 387; Mitchell v. Lay, 4 La. Ann. 514; Frankel v. Morse Timber Co., Ltd., et al., 140 La. 448, 73 So. 263.

The motion to dismiss the appeal is therefore overruled.

The suit is one brought by the heirs of Henry Jackson to recover fifteen head of cattle, two mules, and a Chevrolet automobile, of which they had been recognized as owners, and sent in possession by judgment of court in the probate proceedings of the said Henry Jackson, who was their father. Listed also as belonging to them, in the judgment, was the sum of $1,745.80 cash on deposit in the Louisiana National Bank at Baton Rouge. This last item, however, is not involved in this proceeding.

Henry Jackson was married by second marriage to the defendant, Mary Polk Jackson, who survives him. After judgment had been rendered in his succession proceedings as above stated, she refused to deliver the passbook covering the deposit of the $1,745.80 in the bank and also claimed that the cattle, mules, and automobile were her separate property. Anxious to withdraw the money from the bank, the heirs ruled her into court to show cause why she should not deliver possession of the passbook to them. She made no appearance in answer to the rule, but on the same day on which it was made returnable, she executed a document in authentic form expressing an acquiescence in the judgment rendered in the succession proceedings and consenting to the payment by the bank of the amount on deposit, to the heirs of Henry Jackson, disclaiming any interest or claim therein. On the strength of this document, the court made the rule absolute. She retained possession of the cattle, mules, and automobile, however, and, as already shown, it is to recover the same that this proceeding has been instituted.

The defendant, Mary Polk Jackson, made no appearance in answer to the original demand made on her. Plaintiffs then filed a supplemental petition setting out grounds for a sequestration, and obtained a writ under which the sheriff seized and took the property in his possession. The defendant answered the petition for a writ of sequestration by denying the allegations therein contained and reserving her rights to claim damages against the plaintiffs because of the illegal process they had caused to issue against her. On the trial of the case, it was agreed that the defendant would be permitted to offer testimony to contradict the allegations of the original petition the same as though they had been put at issue by an answer. Plaintiffs had, in their original petition, specifically set out the document which they contend operated as a complete acquiescence in the judgment recognizing them as owners of the property in their father's succession proceedings. This document, therefore, constitutes a most vital and important issue, and on the interpretation that is to be placed on it, the solution of the case depends.

When plaintiffs attempted to offer the document in evidence, after the defendant had admitted that it was signed by her, it was objected to by her counsel on the ground that it was an acquiescence in the judgment to the extent only that it recognized the plaintiffs as owners of the fund on deposit in the Louisiana National Bank and was in effect nothing more than an agreement to permit them to withdraw the money from the bank. The court permitted the offer subject to the objection made, and, in deciding the case, held that it was a limited acquiescence relating only to the fund on deposit, and did not include the property involved in this dispute. In considering other testimony offered, the court reached the opinion that this property was all community property, and the claim of the plaintiffs that it was theirs as coming from the separate estate of their deceased father was rejected. The appeal is from a judgment so decreeing.

The document which these plaintiffs claim is an acquiescence on the part of the defendant in the whole judgment recognizing them as owners of the property and which, in effect, estops her from further questioning it, reads as follows:

"I, Mary Polk Jackson, do hereby acquiesce in the judgment heretofore rendered in the matter of Henry Jackson, deceased, No. 120 Probate, of the docket of the 20th., Judicial District Court, and consent that the Louisiana National Bank pay over and deliver to Simon Jackson, Louberta Jackson Quiett and Annie Jackson Coats, the sum of money on deposit in the Savings Department of said Bank, and numbered 12285, in the name of Henry Jackson, Simon Jackson and Annie Coats, and declare that I have no interest in, or claim against said fund."

The document, as already shown, is admittedly signed by the defendant. Her signature is attested by two witnesses, one of them being her attorney of record in this proceeding, and it is then duly authenticated before the clerk of court as ex officio notary public.

■ In the absence of any special plea attacking the document, and of any testimony concerning its execution, its meaning and import and its legal effect can only be construed from the words contained within its four corners.

It strikes us, after reading the document again, that there could hardly have been a clearer expression of acquiescence on the part of this defendant in the judgment recognizing the plaintiffs as heirs of their late father, and as such the owners of the property therein described, and which she ad-

mits is the very same property involved in this controversy. The acquiescence itself is unequivocal and without reservation. If, as it is now contended by her counsel, it was intended to be limited to the fund on deposit in the Louisiana National Bank, it would have been an easy matter to restrict the acquiescence to that extent. We do not construe the second part of the document in which she consents to the withdrawal of that fund from the bank as limiting it. That part is incidental to the main portion of the document which is the formal acquiescence itself in the judgment which is specifically referred to. Defendant or her counsel, who signed the document as witness, or both, were bound to know that the judgment placed these heirs in possession of some property other than this fund in the bank, and if they intended to exclude such property from the effects of the acquiescence they should have done so in express terms.

Our interpretation of the document leads to a different result, of course, than that reached by the trial judge. Holding, as we do, that it constituted a formal acquiescence in the whole judgment, it follows that the defendant is without right to question the legal effect of that judgment. Once she admitted that the property involved in this contest was the same as listed in the judgment, all other testimony regarding its status should have been excluded.

We are of the opinion that the judgment of the lower court is erroneous, and therefore it should be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, reversed, set aside, and annulled, and it is further ordered, adjudged, and decreed that there be judgment in favor of the plaintiffs Simon Jackson, Louberta Jackson Quiett, and Annie Jackson Coats, and against the defendant, Mary Polk Jackson, recognizing the said plaintiffs as the true and lawful owners of the fifteen head of cattle, the two mules, and the Chevrolet automobile, of which they had been decreed the owners in the succession proceedings of their deceased father, Henry Jackson, and as such entitled to the possession thereof.

It is further ordered that the writ of sequestration under which the said property was seized and taken by the sheriff in his custody be, and the same is hereby, maintained and perpetuated, and the said sheriff is now ordered to deliver possession of the same to the plaintiffs herein.

The defendant appellee is to pay all costs of these proceedings.