### ITEM CO., LIMITED, v. ST. TAMMANY HOTEL et al.

#### No. 1692.

Court of Appeal of Louisiana.
First Circuit.

March 5, 1937.

Lindsay W. McDougall, of Covington, for appellant.

Deutsch & Kerrigan & Burke and Lehman K. Preis, all of New Orleans, for appellee.

DORE, Judge.

In 1927, the plaintiff filed suit against the St. Tammany Hotel, alleging it to have been a commercial partnership composed of W. L. Brown and James Henry Brown, and against the individual partners thereof, in solido, seeking a judgment in the sum of $130, with interest and costs. On July 15, 1929, a judgment was rendered in favor of the plaintiff and against the defendants in

the sum as prayed for. On November 17, 1936, the defendant James H. Brown filed a petition for an appeal from the judgment, averring that, at the time the judgment was rendered, he was a resident of the state of Texas; that no legal service of citation was ever made upon him; that no notice of judgment has been served on him, and he only found out about the judgment by chance, within ten days of the filing of his petition of appeal. He prayed for an order of appeal and that "citation of appeal be served on the appellee." The judge signed an order of appeal, fixing the bond and the return day, ordering that citation of appeal be served on the appellee, Item Company, Limited. The record does not show that citation of appeal issued to any party to the suit.

On the day the case was heard in this court, the plaintiff, Item Company, Limited, filed a motion to dismiss the appeal on the ground that appellant had failed to make necessary parties to the appeal. After the case was submitted, counsel for appellant filed a motion in this court, asking that the case be suspended and time granted him in which to ask for the issuance and service of the additional citations of appeal, and in support of his motion alleges that the petition for appeal prayed for citation of the appellee, and the failure to issue citation was not the fault of appellant.

 Where one defendant, condemned in solido with one or more other defendants, takes an appeal from the judgment, his codefendants are necessary parties to the appeal, and a failure to make them parties to the appeal is ground for dismissal of the appeal. See Broussard v. Guidry & Dupre, 21 La.Ann. 618. Counsel for appellant evidently concedes this proposition as he is asking us for additional time in which to make the necessary service of citations of appeal.

While the appellant asked for the citation of the appellee only, yet, in view of the fact that no appellee was mentioned by name, the prayer is construed as asking for all parties who were necessary parties to the appeal. It is true that the order requires the citation of the appellee, Item Company, Limited, only, but the order is the act of the judge; and moreover, it does not appear that the appellee named in the order was cited. Either the failure to cite the plaintiff named in the order, or the failure to cite the other two defendants, necessary parties to the appeal, is suffi-cient to justify a dismissal of the appeal, if such failure is imputable to the appellant. Appeals are favored in law and should not be dismissed unless the appellant is clearly at fault in failing to ask for the citation of the necessary parties appellee. We cannot say, under the circumstances of this case, that appellant is wholly at fault for failure to ask more specifically for the citation of all parties to the suit as appellees. The appellant has furnished the required bond and otherwise complied with the requisites of an appeal.

The spirit and purpose, if not the plain provisions, of article 898 of the Code of Practice and Act No. 234 of 1932 would not only prevent us from dismissing the appeal, but, on the contrary, seem to justify, if not require, us to give appellant further time in which to correct the defects complained of and permit appellant to get his appeal properly before the court.

For these reasons, it is ordered that the final decision on the motion to dismiss be suspended, and that the case be and the same is hereby continued; that appellant be and he is hereby given thirty days from the time this decree becomes final in which to make proper parties and have proper citations of appeal issue and served, according to law; that all costs await the final termination of the suit.