**HAMMOND BOX CO., Inc., v. CARMELLO MUSSO & CO. et al.**

No. 1690.

Court of Appeal of Louisiana.
First Circuit.

March 5, 1937.

'S. S. Reid, of Amite, for appellants.

Leon Ford, Jr., of Hammond, for appellee.

LeBLANC, Judge.

The judgment appealed from in this case shows, on its very face, that it was *rendered in open court* on May 23, 1936, but that it was *read and signed in chambers* on May 30, 1936. (Italics ours.) There is nothing whatever in the record to indicate, nor is it suggested by any one, that there was any agreement between counsel representing the litigants, or the litigants themselves, under which the district judge was authorized to dispense with any of the legal formalities to be observed in rendering and signing a final judgment such as this one was.

Article 543 of the Code of Practice makes it mandatory on the part of the district judge to render, *read, and sign all judgments in open court.* Under an amendment to that article by Act No. 267 of 1916, if the judicial district over which he presides is composed of more than one parish, the judge is authorized to render, read, and sign a judgment in any parish in the judicial district in cases arising in any parish in the district, but even then he is required to so render, *read, and sign such judgment in open court,* and the same must then be forwarded to the clerk of court of that parish in which the case originated. (All italics ours.)

Under the provisions of Act No. 94 of 1898, it becomes the duty of the district judge to render judgment in any case taken under advisement by him, within thirty days from the time the same has been submitted to him for decision, and by section 2 of the act it is further provided that when the thirty-day period therein provided for shall expire at a time when he is not holding court in the parish in which the case was tried and submitted or in case there is a vacation of said court, the judge shall forward his decree to the clerk of said court who shall enter the same on the minutes of his court, and the said decree shall have the same effect as if rendered in open court. The extract from the minutes of court do not show on what day the present case was submitted to the district judge, but as the transcript filed in the record shows that the testimony was taken on May 23, 1936, and that being also the day on which judgment was rendered, we take it that the case was submitted and decided on the very day on which it was tried. As apparently also, the district judge was actually trying and deciding contested cases on that day, which was only seven days before he signed the judgment, it is reasonable to assume that it was not during a vacation period of the court. Consequently, the provisions of Act No. 94 of 1898 would not apply.

After considering the matter from every point of view, we are forced to the conclusion that the judgment was not read and signed in conformity with the mandatory provisions of the law, and is therefore a nullity. Such nullity, appearing on the face of the record, can be declared on appeal. Green v. Frederick et al., 18 La. App. 605, 136 So. 783.

Ordinarily, when a judgment is declared a nullity on appeal for lack of observance of the required formalities in rendering or signing the same, the case is re-

manded to the lower court for the purpose of having the unfulfilled requirement of the law complied with. But here, as in the case of Green v. Fredericks et al., supra, we have an unusual situation which necessitates further action. It happens that the Honorable Amos L. Ponder, Jr., who, as district judge, rendered the judgment appealed from, has since been elevated to the Supreme Court of the state and a new district judge has succeeded him in the district court. These are matters of which we take judicial cognizance. It is obvious that the district judge now presiding cannot be ordered merely to sign a judgment in a case not tried by or submitted to him. The law requires him to render judgment as well as sign the same and necessarily he has to hear the case or have the record submitted to him before he can do so. Following the course pursued by us in Green v. Frederick et al., supra, the case will be remanded for trial and resubmission, according to law.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby annulled, set aside, and reversed, and that this case be remanded to the district court to be further proceeded with according to law; appellee to pay the costs of appeal and all other costs to await final decision.