**HORNSBY et al. v. TEXAS & N. O. RY. CO.**

**No. 2073.**

Court of Appeal of Louisiana. First Circuit.

Jan. 30, 1940.

DORE, Judge.

Plaintiffs seek the sum of $10,500 of the defendant railroad company as damages for the killing of their brother by a passenger train of defendant at a crossing in the City of Rayne in the early morning of February 2, 1938. The case was filed and tried in the Parish of Acadia, the situs of the accident. Under Code of Practice, Article 543, as amended by Act No. 267 of 1916, judgment therein was rendered, in open court, at Abbeville, in the Parish of Vermilion, on June 27, 1939, and said judgment was read and signed in that Parish on June 30, 1939, dismissing

plaintiffs' suit. The minutes of the court show that the court ordered the Clerk of the Court of the Parish of Acadia to notify in writing the parties in interest, or their attorneys, of the judgment, unless notice be waived.

The record does not show whether or not the notice of judgment was served or waived. However, the record does show that a certified copy of the minutes of Vermilion Parish of June 27, 1939, showing the rendering of the judgment, was filed by the Clerk of Court of Acadia Parish on June 29, 1939, and shows that a certified copy of the minutes of Vermilion Parish of June 30, 1939, showing the reading and signing of the judgment, was filed by the Clerk of Court of Acadia Parish on June 30, 1939. The minutes of the court of Acadia Parish show that, on September 5, 1939, counsel for plaintiffs moved in open court for a devolutive .appeal in this case, and the order of appeal was entered making the appeal returnable to this court within sixty days, upon giving bond in the sum of $250. The bond was filed on September 11, 1939.

A motion has been filed in this court to dismiss the appeal on the ground that no written motion was filed for obtaining the appeal, nor was there any prayer for the citation of the appellee; that the ten months term or session of court in the Parishes of Acadia and Vermilion begins on September 1st and ends on June 30th of each year; that the verbal motion for the appeal and the order entered thereon was made at a subsequent term from that on which the judgment was rendered and signed. A copy of the order fixing the terms of the court is annexed to the motion to dismiss.

■ According to the ruling in the case of Officer et al. v. American Ins. Co., 182 La. 1054, 162 So. 771, it appears that the motion to dismiss is well taken and that the appeal should be dismissed. It was held in that case, wherein many other cases are cited, that an appeal taken by motion in open court subsequent to the term at which the judgment was rendered, when appellant did not ask for service of citation of appeal, and where none was issued, the appeal must be dismissed, and the appeal cannot be saved by .Act No. 234 of 1932, prohibiting the dismissal of an appeal on technical grounds.

While counsel for appellants recognizes the rule of law as announced in the above case, he attempts to save the appeal on two principal grounds, as follows:.

■ In the first place, appellants contend that, since the motion to dismiss does not allege that a citation of appeal was not issued and served, the said motion does not therefore set forth grounds for the dismissal of the appeal. It appears, however, that the motion to dismiss does aver that the motion for appeal was made orally and that no citation of appeal was prayed for. The record itself shows that no citation of appeal was prayed for, and under the well established rule of law announced in the Officer case, supra, the court officers were under no duty to issue and serve a citation of appeal on the appellee. The record does not show the issuance and service of a citation of appeal, and the Clerk has certified that the transcript contains all the documents filed and the proceedings had in the case.

■ In the second place, appellants contend that, as the judgment was signed on the last day of the 1938-1939 term of court in the Parish of Vermilion, the judgment did not become final, under Article 543 of the Code of Practice, as amended by Act No. 267 of 1916, until notice thereof was served on the parties, or their attorneys, and the delay for filing a motion for a new trial or an appeal did not begin to run until notice was served; that the judgment, therefore, did not become final until after the beginning of the 1939-1940 term of court on September 1st, 1939, and, as the order of appeal was moved for and granted at this new term, the case does not come under the rule applied in the Officer, supra, and other cases. This argument would have some weight if a motion for a new trial had been filed and acted upon after the beginning of the new term (assuming that it could have been filed then), but the record does not show any such action, but, on the contrary, shows that plaintiffs asked for the appeal and obtained the order on the fifth day after the beginning of the new term, and thereby recognized the finality of the judgment.

Reference is made. to the case of the Item Company, Ltd., v. St. Tammany Hotel et al., La. App., 172 So. 792, wherein we held that the record did not show that the failure to cite the appellee was imputable to the appellant. In that case the appellant asked for the citation of the appellees, but it did not clearly indicate

which appellees were intended, and, as the order was signed by the Judge, we could not say that the appellant was at fault. In the case at bar there was no request for the citation of the appellee and the officers were under no duty to issue and serve the citation of appeal, and the record shows that none was issued and served.

While the tendency is to protect, as far as possible, the right of appeal, we cannot disregard the plain ruling of the Supreme Court and save this appeal from dismissal.

For these reasons, the appeal is hereby dismissed.