Plaintiff sues to recover the sum of $5,750 alleged to represent the loss and damage suffered by petitioner because of injurious, illegal and tortuous acts of defendant in connection with the conversion of stock claimed as the property of petitioner. Among other exceptions, one of no cause or right of action was filed on behalf of defendant, which exception was sustained by the trial Judge. From judgment sustaining this exception and dismissing plaintiff's suit, plaintiff appeals devolutively to this Court.
Defendant has filed in this Court a motion to dismiss plaintiff's appeal, which motion is based upon several propositions, the first of which is directed at the fact that no petition for appeal was filed and no citation of appeal was ever directed to or served on the defendant.
In support of this contention, defendant sets forth that the "signed opinion" of the trial Judge was handed down and filed by the Clerk of the district Court for the Parish of Winn on March 19, 1943, which "signed opinion" contains the following decree: "Accordingly, the exception is sustained and plaintiff's suit dismissed at his cost."
It is urged that the opinion, containing the reasons for judgment and embodying the definite decree in the words above set forth, constitutes a final judgment, and that an order for appeal entered at a subsequent term of court and after the annual vacation period thereof, without petition and citation, was illegal, and, hence, subjects such appeal to dismissal.
The facts are as stated in defendant's motion. The record includes an eight-page document, styled "opinion", and signed by the Honorable H.W. Ayres, Special Judge sitting in place of the Honorable Cas Moss, recused. This document bears the penciled notation "Filed 3/19/43 C.F. Walsworth, Clerk."
The minutes of the Court do not show the filing or reading of the opinion referred to, but the minutes of September 25, 1943, read as follows:
"The Eighth Judicial District Court for the Parish of Winn was opened this day *Page 283 
according to Law. His Honor, Judge H.W. Ayres presiding.
"Jim Anderson vs. 9017 J.A. Nugent
"The exception of no cause or right of action sustained and Judgment rendered dismissing suit at Plaintiff's cost. The decree presented and read by counsel by counsel for Plaintiff. Judgment read and signed in an Open Court, see decree.
"From which judgment counsel for Plaintiff asked for and obtained an order of devolutive appeal returnable to the Honorable Court of Appeal 2nd Circuit at Shreveport, Louisiana on or before the 18th day of October 1943; the devolutive appeal bond fixed at $100.00; counsel for defendant being present taking cognizance of this order of Appeal. Whereupon Court adjourned according to Law."
The record contains the judgment referred to in the extract of the minutes above set forth, showing such judgment to have been rendered, read and signed in open Court on the 25th day of September, 1943, and filed the same date.
As stated in the case of Delahoussaye v. D.M. Glazer Company, Inc., et al., La.App., 182 So. 146, decided by the First Circuit, it has frequently been held by the Supreme Court and the appellate courts of this State that written reasons for judgment do not constitute a final judgment in a case unless the subject matter be definitely disposed of by decree of the Court.
In the instant case, we would incline to the view that the reasons for judgment set forth in the opinion of the Special Judge, including the very definite decree sustaining the exceptions and dismissing plaintiff's suit, would meet the requirements for a final judgment. If the opinion and decree in this case had been regarded by the Court and the parties as constituting a judgment, the contention on behalf of defendant would be entitled to great weight.
But, the embodiment of a decree in an opinion giving reasons for judgment is not the only essential. In disposing of the point raised, we are guided by a consideration as to whether the instrument referred to was such a judgment as would support an appeal. In other words, let us suppose that plaintiff, feeling aggrieved by the opinion and the decree referred to, had asked for and obtained orders of appeal therefrom. Would such an appeal, duly perfected, be good, or would it be subject to dismissal on the ground that no proper judgment had been rendered?
We are constrained to answer that an appeal taken in such manner, from such a purported judgment, would be a nullity, and would involve the necessity of dismissal and remanding on the ground that the judgment was not such as would support the taking of an appeal.
Dart's Code of Practice, Article 543, reads as follows:
"All judgments must be rendered, read and signed by the judge in open court, provided that where District Judges hold court in a judicial district composed of more than one parish, they shall have the right to render, read and sign judgments in open court in any parish in their judicial district in any case arising in any parish in said district, which judgment shall be forwarded to the clerk of court of the parish in which said case originated who shall record same in the minutes of said court who shall immediately notify the parties or their counsel and the legal delays for making a motion for a new trial or for taking an appeal shall not commence to run in such cases until the service by the sheriff or the notice of judgment issued by the clerk."
It has been held that where it does not appear that the judgment was read in open court, it will be set aside, Richardson v. Turner, 52 La.Ann. 1613, 28 So. 158; that an appeal taken before judgment was read and signed in open court was premature, Adler Co. v. Moses, 5 La.App. 601; that judgment rendered in chambers without authorization of counsel or litigants was a nullity, Green v. Frederick, 17 La.App. 605, 136 So. 783; that judgment showing on its face that it was rendered in open court, but subsequently read and signed in chambers, without authorization of counsel or litigants and not in vacation, was null, Hammond Box Company, Inc., v. Carmello Musso Co., La.App., 172 So. 790; and that a judgment must be read and signed in open court in the absence of agreement of the parties or their counsel, State ex rel. I.C.R. Co. v. Judges, 48 La.Ann. 905, 19 So. 932.
Considering the matter from this point of view, we conclude that the reasons for judgment, notwithstanding the inclusion of a decree therein, cannot be considered as a proper and final judgment in *Page 284 
the absence of some showing that the other requirements embodied in Article 543 of the Code of Practice, supra, have been met.
Our conclusion is further strengthened by the fact that formal judgment was rendered, read and signed in open court some six months after the filing of the opinion referred to, and such judgment, at the time, was obviously regarded by the Judge and counsel for the litigants as the judgment in the cause. The special Judge in the case, Honorable H.W. Ayres, Judge of the Second Judicial District of Louisiana, transmitted the opinion in question to the Clerk of the Eighth District Court, and there is in the record his letter of transmittal, which includes the following paragraph:
"I would thank you to notify the attorneys interested and state to them that I shall be glad to come down at their convenience and entertain a motion for a new trial and/or a rehearing, if such is desired, and to sign a judgment and enter orders ofappeal, etc." (Italics ours.)
It is obvious that the Judge himself did not intend the opinion to stand as a judgment. For these reasons, we are of the opinion that this claim to the dismissal of the appeal cannot be sustained.
The second claim involves the indisputable fact that the action in question, not being an action for personal injuries, involves a principal sum of $5,750, far exceeding the jurisdictional amount of this Court.
Defendant's zealous and brilliant counsel, having advanced the jurisdictional question, which cannot be contravened, proceed in their motion to oppose the transfer of the appeal by this Court to the Supreme Court, and to insist upon dismissal, setting forth in support thereof certain doubts as to the good faith of the appeal and the wilful, intentional and improper action in seeking an appeal to this Court.
We do not think it necessary to discuss the propositions in detail. Appeals are notoriously favored, and judgment dismissing appeals as opposed to the customary rule of transferring the same to the proper court, are rare, and should be rendered only upon absolute evidence of the flagrant abuse of the right of litigants to an appeal.
Since the basis of defendant's opposition to transfer and insistence upon dismissal is made up of conclusions and inferences which are not substantiated by the record, we do not feel that they can be properly considered by this Court.
We find that this Court is without jurisdiction of the appeal, since the amount involved exceeds the appellate jurisdiction of this Court, and,
Accordingly, it is ordered that the exception to the jurisdiction, as embodied in the motion to dismiss the appeal, be sustained and this case be transferred to the Honorable the Supreme Court of the State of Louisiana, provided, however, that if the record be not filed in that Court within sixty (60) days from the date on which this decree shall have become final, the appeal shall stand dismissed at appellant's cost. The appellant is to pay the costs of the present appeal, and all other costs are to abide the final disposition of this case. *Page 364