AYRES, Judge.
This is an action in tort brought by plaintiff against defendant for damages sustained when plaintiff’s automobile, operated and driven by its agent and employee, struck a mule, the property of defendant, on State Highway No. 5 between Bunkie and Marksville, Avoyelles Parish, Louisiana. The defendant reconvened for damages for the loss of his mule.
The record discloses that Judge Lester L. Bordelon of the Twelfth Judicial District Court in and for Avoyelles Parish, Louisiana, recused himself in said cause because of his relationship to the president of plaintiff corporation and because of his relationship to its attorney, and that the Honorable J. Cleveland Fruge, Judge of the Thirteenth Judicial District Court, was assigned as Judge Ad Hoc.
The minutes of the court show the cause was tried before Judge Fruge May 6, 1953, evidence adduced and the casé submitted and taken under advisement. Notwithstanding the absence of any court minutes, showing the rendition, signing and filing of the judgment, there appears in the record an opinion or written reasons for judgment of the trial judge, followed by a formal judgment in plaintiff’s favor against the' defendant for the sum of $436.25, with legal interest from judicial demand until paid, and costs. This judgment was concluded in this language:
“Judgment read, rendered and signed in open Court, this the 16th day of February 1954, at Marksville, Louisiana.
(Signed) J. Cleveland Fruge J. Cleveland Fruge, Judge Ad Hoc”.
From the judgment thus appearing in the record, defendant applied for and was granted a devolutive appeal to this court. Appellant further appears in this court by motion and alleges that the aforesaid judgment is null and void, and prays this court to so declare and remand the cause for trial de novo. The reasons for such nullity are alleged to be:
That the minutes of the court show that the judgment was not read, rendered or signed in open court as required by law;
That, wherever signed, neither counsel nor litigants were notified;
That if the judgment was read, rendered or signed in chambers or elsewhere it was. *52 not done with the authorization of either counsel or litigant, and
That the nullity of said judgment can be declared on appeal under the provisions of Code of Practice Article 609.
Appellee answered the motion, and from it and the brief filed in support thereof, it is admitted that the judgment was not formally rendered, signed and filed in open court. The opinion and judgment were mailed to the Clerk of Court of Avoyelles Parish, who received them on February 16; 1954. Appellee contends the procedure followed in this case was customary and expressly consented to by appellant’s counsel, who, however, strenuously denies the same. The record does not disclose any agreement or stipulation to that effect. The district courts of this State are courts of record, as is this court, and are without authority to take cognizance of matters not of record.
 So far as pertinent to the issue here presented, Code of Practice, Article 543 provides:
“All judgments must be rendered, read and signed by the judge in open court * * *
The conclusion is inescapable, and we are forced to so hold, that the judgment was not read and signed in conformity with the mandatory provisions of the law and is, therefore, a nullity. Such nullity appearing on the face of the record can be declared on appeal. Code of Practice, Article 609; Green v. Frederick, 17 La.App. 605, 136 So. 783; Hammond Box Co., Inc., v. Carmello Musso & Co., La.App., 172 So. 790.
The court, in Green v. Frederick, supra, stated:
“Under article 543, C.P., all judgments must be read in open court. It is obvious that this judgment was not read in compliance with the sacramental requirements of that article. Article 543, C.P., was amended by Act 267 of 1916, p. 554, which permits district judges to render, read, and sign judgments in open court in any parish in their district to be forwarded to the clerk of the court where the case originated. This judgment was rendered in chambers without any indication even as to the parish in which it was rendered. Evidently, it was not .read, rendered, or signed in open court, as required by Act 267 of 1916. As there was no agreement between counsel or the litigants authorizing the rendition of the judgment in chambers, it had no legal effect, and is a nullity. State ex rel. Illinois Central R. R. Co. v. Judges of Court of Appeals, 48 La.Ann. 905, 19 So. 932.
“The rendering of a judgment in chambers without authorization, the court in the above-cited case assimilates it to a judgment rendered in vacation or out of term time which the court held void in Culver v. Leovy, 21 La.Ann. 306; Hernandez v. James, 23 La.Ann. 483; State ex rel. Dixon v. Judge of Fifth District Court, 26 La.Ann. 119; Succession of Bougere, 29 La.Ann. 378; and Laurent v. Beelman, 30 La.Ann. 363; cited in State ex rel. Illinois Cent. R. Co. v. Judges of Court of Appeals, 48 La.Ann. 905, 19 So. 932”.
The statement relative to the provision that the judge may render and sign judgments in open court in any parish of his district is inapplicable to the situation here as the Twelfth Judicial District comprises only one parish, Avoyelles.
Ordinarily, when a judgment is declared a nullity on appeal for lack of compliance with the required formalities in rendering or signing the same, the case is remanded to the lower court for the purpose of having the unfulfilled requirements of law complied with, but here, as in the cases of Green v. Frederick, supra, and Hammond Box Co., Inc., v. Carmello Musso & Co., supra, we have an unusual situation which necessitates further action. Our attention has been directed to facts of which we may take judicial notice, which are that the Honorable Lester L. Bordelon has retired from office and was succeeded *53 by the Honorable Winston K. Joffrion by appointment of the Governor, who, in turn, has been succeeded by the Honorable Francis Gremillion, the presently elected, commissioned and qualified Judge of the Twelfth Judicial District. We find it proper to follow the procedure directed in Hammond Box Co., Inc., v. Carmello Musso & Co., supra [172 So. 792], wherein it was stated :
“It is obvious that the district judge now presiding cannot be ordered merely to sign a judgment in a case not tried by or submitted to him. The law requires him to render judgment as well as sign the same and necessarily he has to hear the case or have the record submitted to him before he can do so. Following the course pursued by us in Green v. Frederick, supra, the case will be remanded for trial and resubmission, according to law.”
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, set aside and reversed and that this case be and it is hereby remanded to the district court for trial de novo, according to law; appellee shall pay the costs of appeal, and all other costs are to await final decision.
Reversed and remanded.