ELLIS, Judge.
This suit was filed by the plaintiffs against the defendant seeking damages growing out of an accident which occurred in Livingston Parish. The District Court rendered judgment in favor of the plaintiffs and against the defendant and included in the judgment was an award to the Charity Hospital of Louisiana of $403.95.
The defendant took a suspensive appeal and filed a proper bond. After the perfection of the appeal the claims of all the plaintiffs were compromised and joint motion was filed in this Court to dismiss the suspensive appeal insofar as all plaintiffs were concerned, reserving, however, the suspensive appeal insofar as the judgment awarded the Charity Hospital of Louisiana, the sum of $403.95. The Charity Hospital made no appearance in this court on the appeal.
The appellant takes the position that the judgment rendered by the District Court is an absolute nullity for the reason it was not rendered, read, and signed in open court as provided by the provisions of the Code of Practice, Article 543.
The record shows that the judgment in this case was brought to the office of the clerk of court in Livingston Parish about three o’clock on the afternoon of May 24, 1954 and was signed by the District Judge in the office of the Clerk and at the time the judgment was signed, the District Court was not in session and it was also out of term time. The judgment is null under the facts and íaw applicable and the jurisprudence. See Green v. Frederick, 17 La.App. 605, 136 So. 783; Hammond Box Company v. Carmello Musso & Co., La. App., 172 So. 790; Anderson v. Nugent, La.App., 16 So.2d 282.
In addition, it is shown that the Charity Hospital was not a party to these proceedings in any capacity nor was the law with regard to the recovery of any charges or fees due to any Charity Hospital complied with. • This law is set forth in LSA-R.S. 46:9 to 46:12. The Charity Hospital was not a party to. this suit by way of intervention or otherwise and the only reference to any claim which the hospital might have was in the testimony as a result of a witness being asked whether or not he had received a letter from the hospital demanding that he pay a bill, and in connection with this witness’ testimony, such a letter and bill were offered and filed in evidence.
The judgment is a nullity and the judgment of the Lower Court is hereby reversed.