HARDY, Judge.
This is a suit for the recovery of damages to the property and persons of plain *309 tiffs allegedly resulting- from the effects of gases, smoke, carbon, etc., escaping from defendant’s plant. From a judgment in favor of plaintiffs, defendants procured orders of appeal to the Supreme Court, ■which tribunal transferred the appeal to this court, 230 La. 825, 89 So.2d 327.
Before this court defendant-appellant has filed a petition seeking to have the judgment appealed from declared a nullity.
The uncontested facts pertinent to the issue of nullity disclose that the case, after trial on the merits, was argued and submitted to the Honorable Lester L. Borde-lon, Judge of the Twelfth Judicial District Court in and for the Parish of Avoyelles; that on' April 6, 1954, prior to which date Judge Bordelon had been relieved of his duties and Judge Walter M. Hunter appointed to preside in his place and stead, a judgment signed by Judge Lester L. Bordelon, bearing date of April 6, 1954, was filed in the office of the Clerk of Court of Avoyelles Parish; that an appeal was granted defendant, which appeal was perfected by the signing of a sus-pensive appeal bond on April 15, 1954, and, finally, that the judgment was read in open court before Judge Bordelon on April 24, 1954, as was attested by the following minute entry, dated April 24, 1954:
"Judgment previously signed and filed herein on April 6, 1954, was this day read in open Court. Counsel for defendant, Columbian Carbon Company, reserves rights of defendant under the devolutive and suspensive appeal taken to the judgment rendered and filed in the office of the Cleric of Court on April 6, 1954.”
On the basis of the above undisputed facts it is clear that the judgment was not rendered, nor read, nor signed, nor filed in open court. The mere reading of the judgment in open court on April 24th, some eighteen days after its signing and filing, did not effect a compliance with the requirements of Article 543 of the Code of Practice, which provides that all judgments must be rendered, read and signed by the judge in open court.
Our jurisprudence is clear on the point that the judgment which does not comply with the procedural requirements noted is absolutely null and void and cannot be revived. Laurent v. Beelman, 30 La.Ann. 363; Illinois Central Railroad Co. v. Judges, 48 La.Ann. 905, 19 So. 932; Woodlief v. Logan, 50 La.Ann. 438, 23 So. 716; Green v. Frederick, 17 La.App. 605, 136 So. 783; Hammond Box Co. v. Carmello Musso & Co., La.App., 172 So. 790; Don Roy Motors v. Bordelon, La.App., 77 So.2d 50.
It is also clear that the nullity of a judgment may be demanded from the court before which the appeal from such judgment was taken while the appeal is pending and when the nullity is apparent on the face of the record. Code of Practice, Articles 608-609.
Having determined the nullity of the judgment, by reason of irregularities in connection with its rendition, it is necessary to consider such further action as must be taken. Counsel for appellant contends that the cause should be remanded for trial de novo, while counsel for ap-pellee urges that the cause should be remanded and ordered submitted to the now regularly constituted district judge for judgment on the record as made up on trial.
We have previously had occasion to consider a somewhat similar matter, involving the judicial succession of the Twelfth Judicial District Court, in Don Roy Motors Co. v. Bordelon, La.App., 77 So.2d 50, 52. In the cited case our decree, after declaring the nullity of the judgment, remanded the case to the district court for trial de novo. In our opinion we declared:
“Ordinarily, when a judgment is declared a nullity on appeal for lack of compliance with the required for *310 malities in rendering or signing the same, the case is remanded to the lower court for the purpose of having the unfulfilled requirements of law complied with, but here, as in the cases of Green v. Frederick, supra, and Hammond Box Co., Inc., v. Carmello Musso & Co., supra, we have an unusual situation which necessitates further action. * * * We find it proper to follow the procedure directed in Hammond Box Co., Inc., v. Carmello Musso & Co., supra (172 So. 792), wherein it was stated:
“ ‘It is obvious that the district judge now presiding cannot be ordered merely to sign a judgment in a case not tried by or submitted to him. The law requires him to render judgment as well as sign the same and necessarily he has to hear the case or have the record submitted to him before he can do so. Following the course pursued by us in Green v. Frederick, supra, the case will be remanded for trial and resubmission, according to law.’ ” (Emphasis supplied.)
The question of the nullity of the judgment in the Don Roy Motors case was urgently contested but no point was made by counsel for either of the parties litigant with reference to the nature of the remand, that is, whether for submission or trial de novo. Possibly for this reason we resolved to follow the procedure which had been observed in the Hammond v. Carmello and Green v. Frederick cases. Our opinion in the Don Roy Motors case did not declare that the Court of Appeal “was required” to remand the case for trial de novo. The emphasized portion of the above quoted extract from the opinion in the Hammond Box Company case is a correct statement of the law. Our decision to remand for trial de novo was discretionary and not mandatory.
In the instant case counsel for plaintiff-appellee urges that the effect of a declaration of nullity of the judgment will leave this case in the same condition as if it had not been decided, and was simply awaiting argument and submission at the time a change was effected in the office of judge of the court of original jurisdiction. In such event, counsel argues that the application of Article 542.3 of the Code of Practice, as re-enacted in LSA-R.S. 13:4209, is appropriate. The pertinent portion of the provision in question reads as follows:
“§ 4209. Decisions by successor judge
“In all cases where cases are heard and taken under advisement of the district judge * * *, if the judge before' whom a case is tried should die, resign, or be removed from office, or should his term expire before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing
We think this argument is soundly conceived. A declaration of the nullity of the judgment leaves the case in exactly the same condition as if it had been tried but not submitted for decision by the trial judge.
The transcript of testimony and the evidence introduced by way of exhibits are comprehended in the somewhat voluminous record of the instant case. We can conceive of no logical reason, nor, indeed, has any such been advanced, why either party would be prejudiced by a decree remanding this case for argument and submission to the district judge. On the other hand, the hardships, delays and unnecessary expenses of a trial de novo are apparent.
For the reasons assigned the judgment appealed from is declared to be null, void and of no effect, and it is now ordered that this case be, and it is hereby, remanded *311 to the Honorable Twelfth Judicial District Court in and for the Parish of Avoyelles, Honorable Francis J. Gremillion, Judge, for further proceedings consistent with this opinion and according to law. Costs of this appeal shall be paid by appellant, and all other costs shall await final decision.