LANDRY, Judge.
Plaintiff-appellee, Personal Finance, Inc., instituted this suit against defendants Herbert Simms, Jr. and Katie Simms to recover judgment in the principal amount of $912, together with interest, attorney’s fees and costs, allegedly due on a promissory note purportedly executed by the aforesaid defendants under date of December 16, 1958.
In the course of the proceedings in the court below, personal service was made on each alleged co-maker of the note in question, following which preliminary defaults were duly entered and properly confirmed as to both defendants.
Upon the judgment becoming final, plaintiff attempted to enforce collection thereof by garnishment proceedings against defendant Katie Simms, whereupon, said defendant prayed for and was granted the devolutive appeal herein taken.
The appeal in the case at bar is founded solely on the ground that the judgment entered against appellant Katie Simms is null and void for the reason said defendant’s signature does not appear on the note sued upon. In this connection, it is desired to state the note in question appears in the record and does not bear the signature of appellant. In his argument before this court, learned counsel for ap-pellee does not contend that appellant’s signature is affixed to the note but contends merely that the judgment of the trial court should be sustained because of appellant’s failure to assert the defense of lack of signature in the court below.
Under the Uniform Negotiable Instrument Law adopted by our State Legislature and presently in force, no person may be held liable as maker or co-maker of a promissory note unless his signature is thereunto subscribed. More specifically LSA-R.S. 7:18 expressly provides:
“No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name.”
Since the signature of appellant Katie Simms does not appear on the note in question, it follows that said appellant may not be held liable therein and the judgment rendered against her in the court below was clearly erroneous, null and void.
The nullity alleged by appellant, being apparent on the face of the record, may be asserted on appeal pursuant to Articles 608 and 609, Louisiana Code of Practice, which provide as follows:
608: “The nullity of judgment may be demanded from the same court which has rendered the same, or from the court of appeal before which the appeal from such judgment was taken, pursuant to the provisions hereafter expressed.”
609: “The nullity can be demanded on the appeal, only while the appeal is still pending, and when the nullity is apparent on the face of the records.”
In conformity with the aforesaid provisions of our Code of Practice, the jurisprudence of this state is settled to the effect that the nullity of a judgment may be demanded from and decreed by the court before which the appeal from such judg *648 ment was taken while the appeal is pending and when the nullity is apparent on the face of the record. Green v. Frederick et al., 17 La.App. 605, 136 So. 783; Mouliere v. Columbian Carbon Company, La.App., 92 So.2d 308.
A remand of the case at bar would serve no useful purpose considering the defect in the note appearing in the record, namely, lack of the signature of the defendant Katie Simms, is incurable and insurmountable.
For the reasons hereinabove assigned, it is ordered, adjudged and decreed, that the judgment of the trial court be reversed, annulled and set aside insofar as it condemns defendant Katie Simms, and judgment rendered herein in favor of defendant-appellant Katie Simms and against plaintiff-appellee Personal Finance, Inc. dismissing and rejecting the claim of said plaintiff-appellee against said defendant-appellant; costs of this appeal to be paid by plaintiff.
Reversed in part.