LANDRY, Judge.
In this workmen’s compensation suit the trial court rendered judgment in favor of plaintiff employee, decreeing plaintiff totally and permanently disabled, awarding plaintiff compensation in the sum of $35.00 weekly and ordering plaintiff to submit, within 60 days, to an operation (at defendant’s cost) for amputation of the little finger of plaintiff’s left hand and further decreeing that upon plaintiff’s refusal to submit to such surgery without reasonable cause the allotted compensation should cease. From said judgment plaintiff prosecuted this appeal.
In this court defendant-appellee, Livingston Lumber Corporation, Inc. (plaintiff’s employer and the only defendant remaining in the case after plaintiff’s voluntary dismissal of the suit against Underwriters at Lloyd’s of London) has filed a motion to dismiss the appeal on the ground that the appeal herein was taken after the time for perfecting same had expired.
Appellant countered with a motion to remand the case on the ground that “through inadvertence and error, an appeal was granted in this matter prior to signing of a judgment, and, accordingly, this case should be remanded for the signing of said judgment, in order that mover might perfect his appeal in accordance with law.”
On March 18, 1960, the court signed and filed written reasons for judgment, the concluding paragraphs of which provide as follows:
“For the foregoing reasons the court renders judgment in favor of plaintiff and against defendant for the sum of $35.00 per week for 400 weeks commencing January 5, 1959, with interest from date of each past due installment until paid, less the 20 weeks paid by defendant.
“It is further ordered, adjudged and decreed that within a period of 60 days from the date this judgment becomes *804 final, the plaintiff is required to submit to an operation for the amputation of the little finger of his left hand by a competent surgeon of his own selection and at the cost of defendant, and on his refusal to submit to such an operation within that time and without reasonable grounds, the compensation awarded hereunder is to cease after the expiration of the said 60 days; provided further that at any time after the said operation herein ordered, that defendant is given the right to show that, by reason thereof, or otherwise, plaintiff’s disability no longer exists and his compensation should cease. (See Clements v. Liberty Mutual Insurance Co., La.App., 85 So.2d 675.)
“Amite, Louisiana “March 18, 1960
“Sgd/ F. E. Burch “District Judge, Division A
Prior to the adoption of the Code of Civil Procedure it was not necessary that there be a separate decree where a judge hands down written reasons for the judgment he decrees. Jackson v. Jackson, La. App., 163 So. 175. Where the reasons for judgment definitely disposed of the subject matter and embodied the decree of the court, such reasons for judgment, under the law then applicable, constituted the judgment of the court. Anderson v. Nugent, La.App., 16 So.2d 282; Delahoussaye v. D. M. Glazer & Company, Inc., et al., La.App., 182 So. 146.
In the instant case, therefore, the reasons for judgment, which embody the decree of the court as quoted above, must be considered as the judgment of the court, under the law applicable at the time of rendition. (Under present law as expressed in Article 1918 of the LSA-Code of Civil Procedure a judgment must be separate from the written reasons therefor.)
Concluding that the reasons for judgment in this case constitute the judgment of the court, we must consider whether it meets the requirements of a final judgment from which an appeal will lie. Although we note that the judgment is dated and signed and that the minutes of the court recite that it was rendered on the same date that it was signed and filed, the appellant has pointed out that there is no recital in the judgment and no entry in the minutes to show that the judgment was read and signed in open court.
It is the appellant’s contention that since it does not appear that the judgment was read and signed in open court there is no final judgment from which an appeal would lie, and as a result, the appeal was premature rather than late as contended by the defendant-appellee.
The provisions of Article 543 of the Code of Practice in effect at the time of the rendition of the judgment as well as Article 1911 of the LSA-Code of Civil Procedure now in effect require that judgments be read and signed in open court. Whenever it has been found that a judgment was not in fact read and signed in open court, in the absence of authorization of counsel or the litigants for signature in chambers, the Courts have declared such judgments to be nullities. Green v. Marquette Casualty Company, La.App., 79 So.2d 116; Green v. Frederick, 17 La.App. 605, 136 So. 783; American Universal Insurance Company v. Coleman, La.App., 121 So.2d 265.
The case of Anderson v. Nugent, La. App., 16 So.2d 282, relied on by the appellant, who now seeks to have his own appeal dismissed and this case remanded for further proceedings, held that in the absence of some showing that the requirements of Article 543 of the Code of Practice have been met, the reasons for judgment, although they may contain the decree of the Court disposing of the subject matter, do not constitute the final judgment from which an appeal can be taken. The court in that case summarized the jurisprudence as follows:
*805 “It has been held that where it does not appear that the judgment was read in open court, it will be set aside, Richardson v. Turner, 52 La.Ann. 1613, 28 So. 158; that an appeal taken before judgment was read and signed in open court was premature, Adler & Co. v. Moses, 5 La.App. 601; that judgment rendered in chambers without authorization of counsel or litigants was a nullity, Green v. Frederick, 17. La.App. 605, 136 So. 783; that judgment showing on its face that it was rendered in open court, but subsequently read and signed in chambers, without authorization of counsel or litigants and not in vacation, was null, Hammond Box Company, Inc., v. Carmello Musso & Co., La.App., 172 So. 790; and that a judgment must be read and signed in open court in the absence of agreement of the parties or their counsel, State ex rel. I. C. R. Co. v. Judges, 48 La.Ann. 905, 19 So. 932.”
In Woodlief v. Logan, et al., 50 La.Ann. 438, 23 So. 716, it was held that if the judgment does not recite that it was read and signed in open court, it should affirmatively appear by proper entry in the minutes that the judgment was in fact read and signed in open court. See also Richardson v. Turner, 52 La.Ann. 1613, 28 So. 158.
In the instant case the judgment does not recite that it was read, rendered and signed in open court. Although the judgment was rendered, as appears by an entry in the minutes, there is no minute entry to show that the judgment was read and signed in open court. There is, therefore, no final judgment from which an appeal can be taken.
For these reasons, the appeal will be dismissed and the cause remanded for further proceedings, appellant to pay all costs of this appeal.
Remanded.