PONDER, Judge.
Wilson Smith originally filed suit in the City Court of Lake Charles against The North American Company for Life, Accident & Health Insurance to recover certain sums allegedly due him by the defendant. Judgment was rendered in favor of defendant rejecting plaintiff’s demands, and an appeal was taken directly to this court. LSA-C.C.P. art. 5002. That appeal was dismissed, however, since the plaintiff had failed to perfect it within the applicable delays. 265 So.2d 781 (1972).
The present action to have the original judgment of the City Court of Lake Charles declared null was then instituted. From an adverse judgment, plaintiff appeals.
The sole issue is whether or not the final judgment was read and signed in “open court” as required by Louisiana Code of Civil Procedure Article 1911, made applicable to city courts by LSA-C.C.P. art. 5001.
The judgment was signed on May 17, 1972, and stated on its face that it was *671 read and signed in open court on that date. However, the judge himself stated that it was actually signed in the office of the Clerk of Court, with no one there but himself, and without calling the court into session. He revealed that as a matter of custom, judgments are brought into the clerk’s office by attorneys or litigants, and are checked by the clerk. At various times during the day, the judge walks from his office into the clerk’s and there signs the judgments that are ready. It is clear that this procedure is employed for the convenience of the parties involved, without any hint of attempt to falsify any documents. This procedure had been generally practiced prior to this time without objections.
Plaintiff maintains that this judgment was not read and signed “in open court” as is procedurally required, that said procedural requirements are mandatory, rather than permissive, and that a violation thereof renders the judgment a nullity.
Defendant contends that the “in open court” requirement cited by plaintiff has been satisfied. It is argued that since city courts are in session every day, except legal holidays, LSA-R.S. 13:1901, the judgment was signed in open court. Furthermore, it is asserted that the fact of the judgment being signed outside the courtroom does not prevent a conclusion that it was signed in open court.
The City Court of Lake Charles, in the trial of this case, was governed by the same rules of procedure that control the district court of Calcasieu Parish. LSA-C.C.P. art. 5001. Consequently, the trial court was bound by Louisiana Code of Civil Procedure Article 1911 which reads:
“Except as otherwise provided by law, all final judgments shall be read and signed by the judge in open court.”
The exceptions noted therein do not include the judgment at issue in. this case. LSA-C.C.P. art. 194.
It is settled law in this state that in the absence of a stipulation or other agreement of the parties, a final judgment which does not comply with the procedural requirements just noted is absolutely null and void. Luquette v. Floyd, 228 So.2d 177 (La.App. 3 Cir. 1969); Mouliere v. Columbian Carbon Company, 92 So.2d 308 (La.App. 2 Cir. 1957), and cases cited therein.
This principle was applied in Hammond Box Company, Inc. v. Carmello, 172 So. 790 (La.App. 1 Cir. 1937), in which the judgment was rendered in open court but was read and signed in chambers. The court declared the judgment null, reasoning that it was not read and signed in conformity with the mandatory provisions of the law.
Green v. Frederick, 17 La.App. 605, 136 So. 783 (1 Cir. 1931), presented a situation in which the final judgment had not been read in open court. As a result, the court concluded that it was a nullity.
The requirement of continuous session in city courts does not necessarily lead to the conclusion that a judgment signed during business hours was signed in open court. We do agree with the contention that judicial acts can be performed in open court even though done somewhere other than in a courtroom. Such apparently was the case in McCann v. Todd, 201 La. 953, 10 So.2d 769 (1942). However, that case is readily distinguished from the present since there the court stenographer was present and all the formalities of law were observed. In the case before us, however, the trial judge admitted that he was alone at the time he signed the judgment, and that he did not comply with the normal formalities for opening court. Thus we do not believe that the signing of the final judgment was executed in open court.
We are constrained to conclude that the sacramental rule of Article 1911 was not *672 complied with when the final judgment at issue herein was read and signed. Consequently, it is null and void.
For the reasons assigned, the judgment appealed from is reversed. It is therefore ordered, adjudged and decreed that the original judgment is hereby annulled, and that this case be remanded to the City Court of Lake Charles for further proceedings according to law. Costs of this appeal shall be paid by defendant, and all other costs shall await final decision.
Reversed and remanded.