TATE, Judge.
This is principally a suit by a judgment creditor, Mrs. Koerkel, against a judgment debtor, Noah Scallan, to set aside certain deeds by him and certain proceedings affecting him, on the ground that they were simulated and were fraudulently made in order to defeat the rights of creditors. Made defendant also is Mrs. Ida Scallan, Noah Scallan’s mother, to whom by these acts or proceedings (if valid) was transferred title to or control of all of Noah Scallan’s assets and garnishable earnings.
The defendants appeal from adverse judgment granting the plaintiff relief in accordance with her demands.
The evidence shows that Scallan’s mother, Mrs. Ida Scallan, was an invalid aged 85, unable to read or write and totally inexperienced in business and management of affairs. The evidence further shows that the defendant Scallan treated his mother as his alter ego, at his complete discretion transferring property to and from her at will, also signing mortgages and notes in her name or in her favor, all without consulting her and without her knowledge as to *371 the deeds done by him in her name. For instance, four days after the present creditor instituted suit to obtain judgment, Scal-lan caused a suit to be filed against himself by his mother as plaintiff (without her knowledge), upon his note in her favor in excess of forty thousand dollars (of which she knew nothing), and he confessed judgment in her favor in such amount on the same day that the suit was filed.
We see no need to discuss the facts in detail. The proof is overwhelming that the deeds and proceedings set aside by the trial court were simulations, based upon no genuine consideration, and leaving Noah Scallan with complete control and possession of his assets which had been theoretically, by the simulations, transferred to or encumbered in favor of his mother.
“A simulation is a feigned, pretended act —one which assumes the appearance without the reality. Since the act is entirely without effect, it is held not to have existed, and for that reason may be disregarded or attacked collaterally by any interested person.” Comment, The Action in Declaration of a Simulation, 17 Tul.L.Rev. 457, 458 (1943).
The chief contention of error by able counsel for the appellant is that the evidence shows that the confession of judgment and the conveyances by Noah Scallan were based upon a long-standing and bona fide debt owed by him to his mother, and that they thus were supported by valid consideration and not subject to annulment as simulations.
The indebtedness of Scallan to his mother was allegedly based upon the collection of annual rentals by Noah Scallan for the community formerly existing between his mother and his late father, and the acquisition by him from it of property supposedly formerly belonging to it. In attempting to prove the validity of this debt, the defendant Scallan essentially relies upon the testimony of an accountant retained by him from 1945 to 1957 in connection with his income tax returns and his income tax troubles. The testimony of this accountant is simply to the effect that the defendant Scallan had himself made entries in his account books which indicated an indebtedness to his mother and father, which were used to minimize Scallan’s income tax liability.
The books themselves, however, were not. produced by the defendant Noah Scallan,. despite persistent efforts by the plaintiff to. secure access to them for purposes of verifying or disproving the alleged debt to Mrs.. Ida Scallan allegedly shown by them. After-various other excuses reflected by the pleadings over the years these proceedings were-pending, Noah Scallan finally told the court at the trial that his books were now missing- and that they had apparently been taken-by some unknown person. Therefore, he-was unable to produce them as an aid to. verify that he was indeed indebted to his. mother. He made no attempt to substantiate his alleged debt to his parents by any other evidence except his mother’s vague-testimony that she thought her son owed them some unknown amount.
Under these circumstances, and in the-total absence of any credible evidence showing that indeed Noah Scallan was liable to. his mother for any amount, we have no. hesitation in affirming the action of the trial court in annulling, as simulations, the-confession of judgment, the garnishment is-, sued thereunder, and the conveyances by-Noah Scallan to his mother.
To recapitulate: In January, 1959, the-plaintiff brought suit and in March, 1959, obtained judgment in her favor, upon a promissory note in the amount of $10,000> dated January 2, 1958 (which the evidence shows to have been the annual renewal of a. loan made by the plaintiff to Noah Scallan-. in 1944). This is the judgment upon which the plaintiff’s status as judgment creditor is. based in the present suit action to annul certain alleged simulations by the judgment debtor which attempted to place his prop--erty beyond the reach of creditors. After *372 unsuccessful efforts to secure execution upon Noah Scallan’s property by garnishment and a writ of fi. fa., the plaintiff in I960 brought this suit to set aside a January, 1959 confession of judgment and the garnishment issued thereunder, and two certain 1958 sales by Noah Scallan conveying extensive property to his mother, who was also joined as codefendant in the present •suit to annul these proceedings and these acts.
Under the evidence above summarized, the trial court correctly annulled as simulations the proceedings and the authentic deeds in question, at the instance •of the present plaintiff creditor, who was prejudiced thereby. See Comment, The Action in Declaration of a Simulation, 17 Tul.L.Rev. 457 (1943), which comprehensively discusses all aspects of an action such as the present. (The annulment of these simulations is of course without prejudice to the rights any third persons may have acquired in good faith based upon the record title of the simulated vendee. See: 17 Tul.L.Rev. 474; Lemann, Some Aspects of Simulation in France and Louisiana, 29 Tul.L.Rev. 22, 1954; Home Finance Service v. Linam, La.App.Orl., 174 So. 389.)
However, the trial court judgment also inadvertently annulled two certain future holder mortgages executed by Mrs. Ida Scallan (in reality by her son, Noah) in 1958. The tracts affected by these mortgages were owned by Mrs. Ida Scallan, insofar as the records of the present suit reveal, and they were not among Noah Scallan’s properties attempted to be transferred to Mrs. Ida Scallan by simulated sale. The plaintiff apparently included them among the simulations attacked because they were executed during the same period as the simulated deeds, and the evidence seems to indicate that Noah Scallan executed in his mother’s name these future holder mortgages of her property, for his own purposes.
Nevertheless, we do not think it to he appropriate to annul such mortgages in the present proceedings, in the absence of a showing in the present record that these mortgages prejudiced the present creditor. As stated in the Comment cited above, “ * * * for an interested person to bring an action in declaration of simulation he must show that he has been injured by the simulated act, and that it is therefore unlawful as to him.” 17 Tul.L.Rev. 458.
Accordingly, the trial court judgment must be amended insofar as it annulled these non-prejudicial mortgages in question in accordance with the plaintiff’s prayer. In fairness to the learned trial judge ad hoc, who served most patiently as a service to the court through most difficult and complex proceedings, and whose excellent written reasons for judgment have been of great assistance to us, we must add that the defendants-appellants have made no especial point about this inadvertent inclusion of these mortgages among the simulations annulled.
For the foregoing reasons, we affirm the judgment of the trial court insofar as it annulled (1) the judgment against Noah Scallan in favor of Mrs. Ida Scallan dated January 13, 1959, described more particularly in paragraph A of the trial court judgment, as well as the garnishment issued thereunder, described more particularly in paragraph F; (2) the deed from Noah Scallan to Mrs. Ida Scallan, dated November 15, 1958, and described more particularly in paragraph B of the trial court judgment; and (3) the deed from Noah Scallan to Mrs. Ida Laborde Scallan, dated November 25, 1958, and described more particularly in paragraph C of the trial court judgment.
The trial court judgment is amended, however, to reverse that portion of the decree annulling the two mortgages by Ida L. Scallan to “Future Holders”, each dated December 18, 1958, and in the amount of ten thousand dollars, which are particularly described respectively by paragraphs D and E of the trial court judgment. The plaintiff’s suit to annul these two mortgages as simulations is dismissed as of non-suit.
*373 In all other respects, the judgment of the trial court is affirmed as amended, as is the companion judgment in these proceedings maintaining the plaintiff’s garnishment of the earnings of the defendant Noah Scallan to be owed him by the Mansura State Bank, garnishee. All costs of this appeal are assessed against the defendants-appellants.
Amended and affirmed.