HOOD, Judge.
Mrs. Frances Luquette instituted this suit against her former husband, Mervine E. Floyd, to annul a community property settlement agreement, because of the alleged fraudulent concealment of property and misrepresentation of facts by defendant Floyd. Judgment was rendered by the trial court on March 6, 1969, decreeing that plaintiff is placed in possession of an undivided one-half interest in certain items of immovable property, and condemning defendant to pay to plaintiff the sum of $27,041.10. The defendant has appealed from that judgment.
The principal issues presented are: (1) Did the trial judge err in recognizing plaintiff as the owner of an undivided interest in some of the items of property described in the judgment? and (2) Is the judgment appealed from void because of a failure to read it as required by LSA-C.C.P. Art. 1911?
Mrs. Luquette obtained a judgment of divorce from defendant Floyd on February 5, 1951. On the same day, the parties entered into an agreement purporting to be a settlement of the community of acquets and gains which theretofore existed between them. In 1959, plaintiff Luquette instituted the instant suit to annul that property settlement agreement on the grounds hereinabove stated. Judgment was rendered by the trial court on January 4, 1962, annulling that agreement, ordering that the community be re-inventoried, and decreeing that plaintiff be placed in possession of an undivided one-half of all of the community property. On appeal, we affirmed that judgment. Luquette v. Floyd, 147 So.2d 894 (La.App.3d Cir.1963).
Pursuant to that judgment, notaries in several parishes were appointed to make inventories of the property which belonged to the community, and in due course these inventories were made and filed. Thereafter, upon petition of plaintiff Luquette, a rule was issued directing defendant to show cause why the inventories should not be approved, why defendant should not be ordered to make a complete accounting of all revenues received from community property since the date of the divorce decree, and why a partition of the community property should not be ordered. After a hearing, judgment was rendered by the trial court on March 6, 1969, recognizing plaintiff as the owner of an undivided one-half interest in 25 items of immovable property, which were specifically described in the judgment, and condemning defendant Floyd to pay to plaintiff the sum of $27,041.10. It is from that judgment that the present appeal has been taken.
Prior to the trial of the rule, plaintiff and defendant compiled and submitted to the court three separate lists of properties. They stipulated to the effect that: List No. 1 contains descriptions of 13 items of real property which belonged to the community and are subject to community division; List No. 2 contains descriptions of properties which belong to the separate estate of defendant, and in which plaintiff has no interest; and List No. 3 contains descriptions of 12 items of real property which either were sold by defendant Floyd prior to the date of the divorce and were reacquired by him shortly thereafter, or were acquired by Floyd during the marriage but were not placed of record until after the divorce.
The trial judge concluded that the items of real property included in List No. 1 and in List No. 3 belonged to the community, and that plaintiff was entitled to be recognized as the owner of an undivided one-half interest in these properties. He also approved the accounting of revenues which was filed by defendant, except that he rejected defendant’s claim for reimbursement *180 of certain expenses including a charge of $1200.00 per year for managerial services, and he concluded that plaintiff was entitled to recover the sum of $27,041.10 from defendant as her share of these revenues.
On this appeal, defendant contends that the trial judge erred in concluding that the properties included in List No. 3 belonged to the community, and in decreeing that plaintiff should be placed in possession of an undivided one-half interest in these properties. His argument is that since record title to these properties was not vested in defendant at the time of the divorce, and since no judgment has been rendered setting aside the sales of these items by defendant prior to the divorce, then the items of property described in List No. 3 cannot be considered as belonging to the community at the time of the divorce, and the trial judge erred in holding that they were community property.
Defendant Floyd is mistaken in his interpretation of the judgment which was rendered by the trial court on January 4, 1962, and later affirmed by this court. We held, as did the trial judge, that the various transactions involving the properties now listed on List No. 3 were simulated sales, and it was that conclusion which formed the basis for setting aside the original property settlement agreement. Luquette v. Floyd, supra.
A simulation is a feigned, pretended act; one which assumes the appearance without the reality. Being entirely without effect, it is held not to have existed, and, for that reason, it may be disregarded or attacked collaterally by any interested person. Houghton, et al. v. Houghton, et al., 165 La. 1019, 116 So. 493 (1928); Koerkel v. Scallan, 166 So.2d 370 (La.App.3d Cir.1964); Teche Concrete, Inc. v. Moity, 168 So.2d 347 (La.App.3d Cir.1964); Smith v. Richardson, 200 So.2d 897 (La.App.2d Cir.1967).
Since the property included on List No. 3 was concealed from plaintiff Luquette through transactions which we have declared simulated, the trial judge correctly concluded that plaintiff is the owner of an undivided one-half interest in these properties, and we affirm the judgment of the trial court.
After the appeal was lodged in this court, defendant Floyd filed a motion to dismiss the appeal and a motion to remand the case on the ground that the judgment rendered by the trial court in this matter was not read in open court as required by Article 1911 of the Louisiana Code of Civil Procedure. The judgment and the original minute entry made by the clerk of court both reflect that the judgment was signed by the judge in open court, but neither reflects that the judgment was read in open court.
Except as otherwise provided by the Code of Civil Procedure, a final judgment which does not comply with the requirements of being read and signed by the judge in open court is absolutely null and void and cannot be revived, and when such nullity appears on the face of the record, it may be recognized by the court in which an appeal of the judgment is pending. Mouliere v. Columbian Carbon Co., 92 So.2d 308 (La.App.2d Cir.1957) and cases cited therein.
Shortly after the above mentioned motions were filed in this court by defendant, plaintiff presented an ex parte motion to the trial judge requesting an order directing the clerk of the district court to correct the minutes of that court to show that the judgment from which the appeal was taken was actually read and signed in open court. The judge signed the ex parte order in open court; the minutes were then corrected by the clerk of the district court to reflect that the judgment was read and signed in open court; and certified copies of the motion and order and the corrected minute entry were filed by the clerk of the district court with this court to supplement the appellate record. Defendant contends that the trial judge had no authority to sign an ex parte order directing *181 the clerk of the district court to correct the minutes.
A district judge not only has the right, but it is his duty, to order the correction of the minutes of his court so as to make them reflect the truth. He may do this at any time, in chambers or in open court, even after appeal. Changes in the minutes may be made by ex parte order in open court at any time, without notice to the parties. Prior notice of the changes must be given to the parties, however, if the changes in the minutes are made by ex parte order in chambers, and the correction affects the rights of a party to the suit. Picard & Weil v. Prival, 35 La.Ann. 370 (1883); Saint v. Meraux, 163 La. 242, 111 So. 691 (1927); English v. Kellogg Lumber Co., 200 So. 167 (La.App.2d Cir. 1941); Ford v. Williams, 62 So.2d 838 (La.App.1st Cir.1953). In the instant suit, the minutes were corrected by an order signed in open court, and the trial judge thus had the authority to order such a correction on the ex parte motion of plaintiff, without prior notice to the other party.
Defendant also contends, alternatively, that a correction of the minutes does not make the judgment valid because the judgment itself still recites that it was signed, and not read. We find no merit to this argument. The fact that a judgment was rendered, read and signed in open court may appear from the minutes of the court as well as from recitals on the face of the judgment itself. Woodlief v. Logan, 50 La.Ann. 438, 23 So. 716 (1898); Richardson v. Turner, 52 La.Ann. 1613, 28 So. 158 (1900); Venus v. Scannell, 3 Orl.App. 409 (1906).
Finally, defendant filed in this court a motion to remand the case to take evidence: (1) As to the correctness of the trial judge’s factual statement that the judgment was read; (2) As to whether the judgment was read aloud; and (3) As to whether the judgment was read in its entirety, including the descriptions of property contained therein. As a basis for that motion, defendant argues that the district court can change or correct its minutes only “after a contradictory proceeding is conducted between the parties to be affected,” and that the court was without authority to order this particular change until the fact that the judgment was read had been “positively and affirmatively established without equivocation.”
We have already pointed out that a judge of a district court, may change the minutes of his court to reflect the true facts at any time, and that if the change is ordered in open court it is not necessary that there be a contradictory hearing or even any notice to the parties. There thus is no merit to the first argument presented by defendant.
The minutes, as corrected by the trial judge, are prima facie proof of the proceedings which took place in that court. Cameron v. Reserve Insurance Company, 237 La. 433, 111 So.2d 336 (1959). Defendant states in his motion to remand and in brief that it is his “most serious and honest belief” that the judgment was not read audibly, and he alleges “on information and belief” that the descriptions of property contained in the judgment were not read in their entirety. These allegations are insufficient to justify a remand of the case for a trial of the issues raised. If they should be considered sufficient for that purpose, then the result would be that a contradictory hearing may be necessary in every case where a correction of the minutes is made by the trial judge. The record in its present form indicates that the judgment is valid. We are unwilling on the showing made here to remand the case for a hearing merely to inquire into the question of whether the minute entry is correct, or whether the judgment was read aloud in its entirety. In rejecting defendant’s motion to remand for this purpose, we do so without prejudice to any right he may have to institute an action for nullity. See LSA-C.C.P. Arts. 2001-2006.
Our decision to deny defendant’s motion to remand is made solely on the ground *182 that no adequate showing has been made here to justify that type of relief. It is unnecessary for us to rule on the question of whether a judgment must be read aloud and in its entirety, and we thus express no opinion as to those issues.
The judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.