583 So.2d 90 (1991)
Dale CLARK, et al., Plaintiffs-Appellees,
v.
Smith Thomas NEEL, Defendant-Appellant.
No. 90-178.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
*91 Wm. R. Boone, Many, for plaintiffs-appellees.
Bonnie Moore, Many, for defendant-appellant.
Before GUIDRY, YELVERTON and CULPEPPER[*], JJ.
GUIDRY, Judge.
Smith Thomas Neel, defendant-appellant, suspensively appeals a judgment denying his petition for nullity of a confirmation of default judgment rendered in favor of plaintiffs-appellees, Dale Clark, et al. Appellant urges that the judgment is absolutely null because the trial court illegally confirmed the default on September 23, 1988 without the requisite entry of a valid preliminary default two days prior thereto.

FACTS
On September 2, 1988, plaintiffs, contiguous landowners to an abandoned public road, petitioned for a declaratory judgment recognizing them as owners of the strip of land formerly occupied by the public road, which was then being used as a private road. Plaintiffs also sought damages for destruction by defendant of plaintiff's common gate and for other damages. Defendant was personally served with plaintiffs' petition. On September 20, 1988, plaintiffs' counsel timely hand delivered a written motion to the clerk's office requesting entry of a preliminary default on that day against defendant. The record reflects that the clerk's office stamped the motion as received and filed on September 20, 1988 at 9:01 a.m. However, inadvertently the court minutes of September 20, 1988 failed to evidence entry of a preliminary default. On September 23, 1988, the trial court confirmed the default, after first ordering the minutes of September 20, 1988 amended to reflect that a preliminary default had indeed been entered against defendant on that day. Notice of the judgment was mailed to defendant.
On September 30, 1988, defendant filed a motion for a new trial claiming that the default judgment was contrary to the law and evidence in that plaintiffs had failed to establish their ownership of the strip formerly occupied by the public road. In his application for new trial, defendant did not raise as an issue the lack of a timely default judgment. The trial court denied the motion for new trial. On July 11, 1989, a writ of fieri facias issued authorizing the seizure and sale of defendant's property to satisfy the monetary portion of the aforesaid judgment. On September 22, 1989, defendant filed a petition for nullity asserting that the default judgment failed to comply with La.C.C.P. arts. 1701 and 1702 and was an absolute nullity pursuant to La.C.C.P. art. 2002. Defendant also requested and was granted a temporary restraining order (TRO) enjoining the sale of his property. On November 30, 1989, the trial court denied defendant's petition for nullity and dismissed his suit. Defendant suspensively appeals.

*92 VALIDITY OF THE PRELIMINARY DEFAULT
The issue is whether the judgment of default taken September 20, 1988 was ineffective and/or invalid because the clerk of court inadvertently neglected to initially enter same in the court's minutes of September 20, 1988. La.C.C.P. art. 1701 provides that a default judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered into the minutes of the court, but the judgment shall consist merely of a minute entry. La.C.C.P. art. 1702 provides that the default must be confirmed by proof of the demand sufficient to establish a prima facie case, which can be accomplished two days, exclusive of holidays, from the entry of the judgment of default. Absent a valid preliminary default, any confirmation thereof is an absolute nullity. Richard v. Tri-J Indus. Const., Inc., 478 So.2d 215, 216 (La.App. 3rd Cir.1985).
Although the September 20, 1988 minutes did not initially reflect that a preliminary default had been entered against defendant, the court records reflect that plaintiffs, by written motion, timely requested entry of a preliminary default on that date. The clerk of court stamped the motion which was received at 9:01 a.m. on that day. When plaintiffs' counsel appeared two days later to confirm the default, the September 20, 1988 minutes were missing. After an independent verification of the record, the trial court ordered the minutes corrected to reflect entry of a preliminary default as of September 20, 1988.
"A district judge not only has the right, but it is his duty, to order correction of the minutes of his court so as to make them reflect the truth. He may do this at any time, in chambers or in open court. Changes may be made without notice to the parties ... if the change is ordered in open court, it is not necessary that there be a contradictory hearing or even a notice to the parties ..." Luquette v. Floyd, 228 So.2d 177, 181 (La. App. 3rd Cir.1969).
In Luquette, this court upheld the validity of a judgment which was challenged as procedurally defective because the judgment failed to recite that it was read and signed in open court. The trial judge corrected the minutes to reflect that the judgment was read and signed in open court, even though the instrument itself failed to recite same.
Appellant does not contend that the judgment is invalid for insufficient proof but only because of the absence of a valid default judgment. We conclude otherwise, finding that the confirmation judgment was proper, a valid judgment by default having been entered two days, exclusive of holidays, prior to confirmation.
For these reasons, the judgment of the trial court is affirmed at defendant-appellant's cost.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision as Judge Pro Tempore.