# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-328

**WILLIAM ALAN PESNELL AND DOUGLAS WADE PESNELL**

**VERSUS**

**RONNIE WILLIAMS, JR., AND STACY MCQUEARY**

**\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C-94689
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\***

## JONATHAN W. PERRY
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED IN PART; REVERSED IN PART;**

**AND RENDERED.**

Joshua J. Dara, Jr.
R. Morgan Briggs
Connor C. Headrick
Gold, Weems, Bruser, Sues & Rundell
Post Office Box 6118
Alexandria, Louisiana 71307-6118
(318) 445-6471
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    Ronnie Williams, Jr. and Stacy McQueary

Alex Washington
Washington & Wells
1700 Irving Place
Shreveport, Louisiana 71101
(318) 841-1233
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    Ronnie Williams, Jr. and Stacy McQueary

Ronald E. Corkern, Jr.
Corkern, Crews, Guillet & Johnson, LLC
Post Office Box 1036
Natchitoches, Louisiana 71457-1036
(318) 352-2302
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    William Alan Pesnell and Douglas Wade Pesnell

William Alan Pesnell
Alan Pesnell Lawyer, LLC
720 Murray Street
Alexandria, Louisiana 71301
(318) 704-0979
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    Pro se and Douglas Wade Pesnell

**PERRY, Judge.**

In this public records case, Defendants appeal a trial court judgment that found they violated the Public Records Law ("the Law") by withholding records that were in their possession. Although the trial court ruled that Plaintiffs' request for mandamus was moot because Defendants provided all the records requested after suit was filed against them, it nonetheless found Defendants did not timely provide the records and awarded attorney fees, expenses, costs, and civil penalties to Plaintiffs. Additionally, Plaintiffs answered the appeal seeking an additional award of attorney fees incurred in connection with the appeal. We affirm in part; reverse in part; and render.

## FACTS AND PROCEDURAL HISTORY

On Friday, March 8, 2024, William Alan Pesnell ("Mr. Pesnell"), a lawyer and Louisiana resident, and Douglas Wade Pesnell ("Mr. Douglas Pesnell"), a qualified elector residing in the City of Natchitoches ("the City"), wrote a letter to Ronnie Williams, Jr., the Mayor of the City ("Mayor Williams"), and Stacy McQueary, the Clerk of the Council ("Mrs. McQueary") (collectively "Defendants"), making a demand for public records involving grants applied for and received by the City during Mayor Williams's term of office. In particular, the letter requested that Defendants produce a reproduction of the following grant records:

A. Any and all grants applied for by the City of Natchitoches, Louisiana, and any office, department, agency, person, or other designee which is an extension of the City of Natchitoches, Louisiana or connected to Natchitoches, Louisiana in any way, where such grants were applied for on or after the date Mayor Williams took office.

B. Any and all grants received by the City of Natchitoches, Louisiana, and any office, department, agency, person, or other designee which is an extension of the City of Natchitoches, Louisiana or connected to Natchitoches, Louisiana in any way, where such grants were approved and received on or after the date Mayor Williams took office.

C. All records of monies received from grants by the City of Natchitoches, Louisiana, and any office, department, agency, person, or other designee which is an extension of the City of Natchitoches, Louisiana or connected to Natchitoches, Louisiana in any way, where such grants were approved and received on or after the date Mayor Williams took office, listed by the grant to which the funds were tied.

The letter further stated: "If the reproduction will take more than ten (10) days, please let me know and please let me know if the matter can be expedited." In closing, the letter asked that the cost of reproduction be estimated, that the estimation of costs be conveyed before completing the task so that the cost could be deposited, and that if the estimation was too large, "we will arrange to come to your offices, and review the documents and determine what documents to have copied." As testified to by Mr. Pesnell, he hand-delivered a copy of the request to Alex Washington, the City Attorney.

On Monday, March 11, 2024, the written request was stamped received by the City. On the following Thursday, March 14, 2024, an attorney representing the City, responded by email, stating in part:

> [I]t is estimated that it will take the City up to thirty (30) days to collect, examine, review, analyze, segregate, and/or redact the potentially responsive documents and materials you have requested. The City hopes to provide a more detailed response to your request(s) sooner than the estimated thirty (30) days; however, if more time is required to complete your request(s), you will be notified in writing of the updated time estimate.

On April 9, 2024, not having yet received the requested public records, Mr. Pesnell and Mr. Douglas Pesnell (collectively "Plaintiffs") filed a Petition to Compel Disclosure of Public Records ("the Petition to Compel"), seeking a writ of mandamus requiring Defendants to provide the copies of the grants or allow the inspection of the records and a ruling that Defendants be cast with the costs of the proceeding, attorney fees, and statutory penalties. In accordance with the filing, the trial court ordered Defendants to show cause on April 15, 2024, why a writ of

2

mandamus should not be issued compelling them to produce the records for inspection and to further show why they should not be taxed with all penalties, attorney fees, and all costs of the proceeding.

Subsequently, Defendants answered the Petition to Compel, denied the allegations made, asserted various affirmative defenses, including that they provided the Petitioners with thousands of pages of documents on April 12, 2024, within the initial thirty-day timeline, and urged a peremptory exception of no cause of action and a dilatory exception of prematurity.

The court minutes for April 15, 2024, show that a hearing was held on the Petition to Compel.[1] At that time, the trial court recessed at the request of the parties to allow defense counsel to visit the City's offices to determine if there were additional records not yet provided to Plaintiffs. After it was determined that there were additional records, the parties agreed that all records would be provided by April 17, 2024. Considering that agreement, the trial court reset the hearing on the Petition to Compel for April 23, 2024, to allow the production of these documents.

At the hearing on April 23, it was uncontested that Defendants produced all remaining records by the deadline of April 17, 2024. Even though the mandamus portion of the Petition to Compel was now moot, the trial court proceeded to consider the dilatory exception of prematurity and the peremptory exception of no cause of action filed by Defendants. After reviewing Plaintiffs' petition and hearing limited testimony and argument, the trial court orally overruled Defendants' exceptions. The trial court then addressed whether Defendants owed attorney fees, costs and

---

[1] The minutes of court "are prima facie proof of and interpret the trial court's proceedings." *Cameron v. Reserve Ins. Co.*, 237 La. 433, 435, 111 So.2d 336, 343 (1958) (citing *Dilzell Eng'g & Const. Co. v. Lehmann*, 120 La. 273, 45 So. 138 (1907); *see also Luquette v. Floyd*, 228 So.2d 177 (La.App. 3 Cir. 1969). In the absence of a transcript of this hearing, we have gleaned these brief, uncontested facts from the court minutes.

penalties for not timely providing the requested documents. After receiving evidence and hearing testimony, the trial court took the matter under advisement. Ultimately, the trial court provided written reasons for judgment and rendered judgment in favor of Plaintiffs and against Defendants, in their capacities as Mayor and City Clerk. It awarded Plaintiffs attorney fees,[2] expenses of $21.50, court costs, and civil penalties of $800.00.[3] Defendants then suspensively appealed.

Plaintiffs have answered the appeal and have requested an increase of attorney fees for defending the trial court judgment at the appellate level.

## ASSIGNMENTS OF ERROR

1. **Exception:**[4] The district court erred in denying Defendants' exception of no cause of action and extending La.R.S. 44:35 beyond its text to judicially create a new cause of action.

2. **Penalties:** The district court erred in ordering maximum penalties against Defendants.

3. **Burden of proof:** The district court erred in shifting the burden of proof at trial away from Plaintiffs and onto Defendants.

4. **Merits:** The district court erred in finding Plaintiffs proved the necessary elements of their case.

---

[2] Because Plaintiffs were jointly represented by counsel and Mr. Pesnell also argued at the hearings in this matter, the trial court awarded co-counsel $4,165.00 and Mr. Pesnell $1,540.00. Defendants have not contested these awards.

[3] Although, the final judgment acknowledged the trial court's denial of Defendants' dilatory and peremptory exceptions, it did not formally include that ruling in the decree of the judgment. We will address that issue later in this opinion.

[4] Although Defendants' assignments of error reference their peremptory exception of no cause of action and the dilatory exception of prematurity, our review of their brief indicates that no argument is made about the exception of prematurity. "Pursuant to Rule 2–12.4 of the Uniform Rules, Courts of Appeal, all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed." *Chaumont v. City of New Orleans*, 20-17, p. 4 (La.App. 4 Cir. 6/3/20), 302 So.3d 39, 45. We find the issue of Defendants' dilatory exception abandoned. Thus, we have modified Defendants' assignments of error accordingly.

## APPELLANTS' ARGUMENTS

Defendants contend that the trial court erred by judicially creating a new cause of action. Because Plaintiffs' request was not denied and Plaintiffs received a timely estimate of time to respond to their public records request, Defendants contend that Plaintiffs have no cause of action under La.R.S. 44:35(A).

Next, Defendants argue that Plaintiffs failed to produce evidence that their public records request was denied or that they did not receive an estimate of time for Defendants to respond. They contend that they provided the public records requested within the estimate of time communicated to Plaintiffs for the original documents sought and provided the documents that Plaintiffs sought in their second public request. They assert that the trial court erred when it shifted the burden of proof to Defendants and considered evidence not in the record, and they further note that Plaintiffs produced no evidence that Defendants acted unreasonably.

Finally, Defendants contend that the trial court erred when it granted Plaintiffs civil penalties because they are only awardable when a custodian fails to give an exemption notice. In the present case, Plaintiffs received a timely exemption notice from Defendants.

## APPELLEES' POSITION

Plaintiffs contend that during oral argument in the trial court, counsel for the Defendants argued that by letter dated March 14, 2024, Plaintiffs were advised that it may take up to thirty (30) days to produce the documents requested and the thirty (30) days should begin to run from the date of defense counsel's March 14, 2024 letter. Plaintiffs point out that the March 14 letter never stated or suggested that the thirty-day estimation was to begin on that date.

Rather, Plaintiffs argue that the delay for responding to a public records request is clearly set out in La.R.S. 44:35(A). There it is provided that a custodian

of public records has a statutory duty to provide immediate access to public records if they are available. If the records cannot be produced immediately, the custodian must certify in writing that they are unavailable and arrange for access to the records with three (3) business days. La.R.S. 44:33(B)(1). It is clear from this statute that the time delay for responding to a public records request begins to run from the date of receipt of the request, not from the date that a letter is sent providing the estimated response time.

In the present case, Mr. Pesnell testified that he hand-delivered the public records request to the City Attorney on March 8, 2024. At the hearing, Defendants offered an exhibit that showed the letter from Mr. Pesnell was received by the City on March 11, 2024. Defendants' best-case scenario is that the timeframe for responding to Plaintiffs' public record request began to run on March 11, 2024. The evidence adduced at the hearing in the trial court established that Defendants provided a partial response to the public records request on April 12, 2024, and a full response on April 17, 2024, after Plaintiffs filed their Petition to Compel.

For clarification, Plaintiffs assert that they did not make a second public records request on April 15, 2024. All the documents requested were included in the initial request. Simply stated, Defendants failed to produce all the documents relevant to the initial request; thus, this failure necessitated that Defendants had to find and turn over the missing records.

Lastly, Plaintiffs assert that the trial court correctly found that Defendants violated the Public Records Law by unreasonably withholding records that were in their possession for more than the thirty-day estimation period. It was only after Plaintiffs instituted suit against Defendants that they produced the requested documents. Thus, according to Plaintiffs, the trial court properly awarded attorney fees, costs, and penalties.

6

**DISCUSSION**

*Overview of the Public Records Law*

The right of access to public records is guaranteed by Article 12, Section 3 of the Louisiana Constitution, which provides that "[n]o person shall be denied the right to . . . examine public documents, except in cases established by law." Because of this guarantee, the Law must be construed liberally in favor of free and unrestricted access. *Landis v. Moreau*, 00-1157 (La. 2/21/01), 779 So.2d 691. The Law, codified at La.R.S. 44:1–44:41, similarly mandates that "any person of the age of majority may inspect, copy, or reproduce any public record[,]" except as otherwise provided by law. La.R.S. 44:31(B)(1). "Because the right of access to public records is a fundamental right, guaranteed by the Constitution, access can be denied only when a law specifically and unequivocally provides otherwise." *Deshotels v. White*, 16-889, p. 8 (La.App. 1 Cir. 8/16/17), 226 So.3d 1211, 1218, *writ denied*, 17-1565 (La. 12/5/17), 231 So.3d 628. Any doubt as to the public's right of access "must be resolved in favor of the public's right to see." *Id.*

The custodian of the record shall present the public records to any person of the age of majority who so requests. La.R.S. 44:32(A). While the record generally must be made available "immediately," the Law recognizes that some reasonable delay may be necessary to compile, review, and, when necessary, redact or withhold certain records that are not subject to immediate production. La.R.S. 44:33(A) and (B)(1); La.R.S. 44:35(A). However, within five business days of the request, the custodian must provide a written "estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request[.]" La.R.S. 44:35(A). If the custodian fails to provide that notice, the requesting party may institute proceedings for the issuance of a writ of mandamus, injunctive, or declaratory relief. *Id.*

7

The Law requires a written notification when a custodian determines that a requested record is not subject to production. This notification, sometimes referred to hereinafter as the "exemption notice," is mandated by La.R.S. 44:32(D), which provides:

> In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within five days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor. Such written notification shall contain a reference to the basis under law which the custodian has determined exempts a record, or any part thereof, from inspection, copying, or reproduction.

Enforcement of the Law is primarily governed by La.R.S. 44:35, which grants a successful plaintiff the right to obtain an order directing the custodian to produce the public record and permits an award of attorney fees, costs, other costs of litigation, and damages. *See* La.R.S. 44:35(A) and (D). In certain circumstances, a plaintiff may also recover "actual damages" and civil penalties under La.R.S. 44:35(E)(1).

## STANDARDS OF REVIEW

"As a general rule, a trial court's judgment on a writ of mandamus seeking the production of public records is reviewed under an abuse of discretion standard, while the court's factual findings in such a proceeding are subject to manifest error review." *People for the Ethical Treatment of Animals v. Bd. of Supervisors of La. State Univ.*, 23-1396, pp. 9–10 (La. 6/28/24), 387 So.3d 527, 535 (footnote omitted). Under the manifest error standard, the appellate court does not decide whether the factfinder was right or wrong; rather, it is required to consider the entire record to determine whether a reasonable factual basis exists for the finding and whether the finding is manifestly erroneous or clearly wrong. *Hayes Fund for First United*

8

*Methodist Church of Welsh, LLC v. Kerr–McGee Rocky Mountain, LLC*, 14-2592 (La. 12/8/15), 193 So.3d 1110.

Regarding the peremptory exception of no cause of action, in *Crooks v. Department of Natural Resources*, 19-160, pp. 16–17 (La. 1/29/20), 340 So.3d 574, 584–85, the court stated:

> As used in the context of a peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert an action against the defendant. *MAW Enterprises, L.L.C. v. City of Marksville*, 2014-0090, p. 6 (La. 9/3/14), 149 So. 3d 210, 215, *citing Scheffler v. Adams and Reese*, *LLP*, 2006-1774, p. 4 (La. 2/22/07), 950 So. 2d 641, 646; *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So. 2d 1234, 1238 (La.1993). The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Fink v. Bryant*, 01-0987, pp. 4-6 (La. 11/28/01), 801 So. 2d 346, 349-50; *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission*, 94-2015 (La. 11/30/94), 646 So.2d 885. The exception is triable on the face of the pleadings and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Vince v. Metro Rediscount Company, Inc.*, 2018-2056 (La. 2/25/19), 264 So. 3d 440; *City of New Orleans v. Board of Commissioners,* 93-0690 (La. 7/5/94), 640 So.2d 237. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. La. C.C. P. arts. 927, 931; *Mayer v. Valentine Sugars, Inc.,* 444 So.2d 618 (La.1984). The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. *City of New Orleans v. Bd. of Directors of Louisiana State Museum*, 98-1170, pp. 9-10 (La. 3/2/99), 739 So. 2d 748, 755-56.
>
> Generally, under La. C. C. P. art. 931, no evidence may be introduced to support or controvert the exception of no cause of action. *MAW Enterprises, L.L.C.*, 2014-0090 at 7, 149 So. 3d at 215. However, an exception to this rule has been recognized by the jurisprudence, and a court may consider evidence admitted without objection to enlarge the pleadings. *Id.,* citing *City of New Orleans*, 98-1170 at 10, 739 So. 2d at 756. . . . A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the facts, the plaintiff has not stated a claim for which he or she can receive legal remedy under the applicable substantive law. *Id.*; *Industrial Companies, Inc. v. Durbin*, 2002-0665, p. 7 (La. 1/28/03), 837 So. 2d 1207, 1213.

*Peremptory Exception of No Cause of Action*

In the trial court, Defendants presented a three-part argument that Plaintiffs' petition failed to state a cause of action under La.R.S. 44:35(A), namely: (1) Plaintiffs' request was never denied; (2) Defendants provided Plaintiffs with a written estimate of time to provide the requested records; and (3) Defendants produced the records within that time.

Because the trial court orally denied Defendants' peremptory exception of no cause of action and did not formally include that ruling in the decree of its final judgment, we find it necessary to first determine if this court has jurisdiction to review that ruling.

It is well accepted that the denial of a peremptory exception is an interlocutory ruling. *N.G. v. A.C.*, 19-307 (La.App. 3 Cir. 10/2/19), 281 So.3d 727. Although an interlocutory judgment, such as the denial of exceptions, is generally not appealable, "[w]hen an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment appealed from." *Bielkiewicz v. Ins. Co. of N. Am.*, 201 So.2d 130, 135 (La.App. 3 Cir. 1967); *see also Benton Specialties, Inc. v. Cajun Well Serv., Inc.*, 09-506 (La.App. 3 Cir. 6/10/09), 13 So.3d 257; and *Firemen's Pension & Relief Fund for the City of Lake Charles v. Boyer*, 420 So.2d 1323 (La.App. 3 Cir. 1982).

Applying that analysis to the present case, it is clear that Defendants have taken an unrestricted appeal of the final judgment rendered against them for attorney fees, costs, and damages for their untimely response to Plaintiffs' public records request. Therefore, we find that we have jurisdiction to review the trial court's denial of Defendants' peremptory exception of no cause of action.

To properly assess whether Plaintiffs have stated a cause of action, it is necessary to reference the context in which the pleading was made. In that regard, La.R.S. 44:35(A) provides:

> Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

It is also important to review the timeline developed from Plaintiffs' petition, in the record, and whatever evidence was adduced without objection to enlarge the pleadings, to wit:

> March 8, 2024: Plaintiffs mailed a written public records request to Defendants, and Mr. Pesnell testified at the hearing on the peremptory exception that he hand-delivered a copy of the request to Alex Washington, the City Attorney.

> March 11, 2024: the Mayor's office received Plaintiffs' public records request.

> March 14, 2024: counsel for Defendants sent an email to Plaintiffs stating, in part, that: it is estimated that it will take the City up to thirty (30) days to collect, examine, review, analyze, segregate, and/or redact the potentially responsive documents and materials you have requested. The City hopes to provide a more detailed response to your request(s) sooner than the estimated thirty (30) days; however, if more time is required to complete your request(s), you will be notified in writing of the updated time estimate.

> April 9, 2024: Plaintiffs filed their Petition to Compel. At that time, the trial court set an April 15, 2024 Rule to Show Cause why the court should not issue a writ of mandamus ordering Defendants to produce the records Plaintiffs sought and to further show cause why they should not be taxed with penalties, attorney fees, and all costs of the proceedings.

> April 11, 2024: Defendants mailed a letter to Plaintiffs enclosing a flash drive containing documents responsive to Plaintiffs' request. It

further stated: "If you seek any additional records that are not attached, please let me know so that the City can conduct a search for the same." Plaintiffs acknowledged that they received this letter on April 12, 2024.

April 15, 2024: the trial court recessed the show cause hearing and continued the hearing to April 23, 2024, to allow Defendants time to provide documents for each grant identified in the production of records made on April 11, 2024.

April 17, 2024: Defendants provided the documentation identified as missing at the April 15, 2024, hearing.

April 23, 2024: the trial court heard argument and received evidence[5] on Defendants' peremptory exception of no cause of action and the dilatory exception of prematurity. After orally denying Defendants' exceptions, the trial court heard arguments on penalties, attorney fees, and costs. It then took the matter under advisement.

May 13, 2024: the trial court provided written reasons for judgment and signed a final judgment in favor of Plaintiffs and against Defendants.

Against that factual backdrop, the first issue to be resolved is the determination of when Plaintiffs' public records request was made. Plaintiffs maintain that two dates may be considered, March 8, 2024, the date their written request was hand-delivered to the city attorney and March 11, 2024, the date the written request was time-stamped in the mayor's office.

"Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees." La.R.S. 44:31(A). Louisiana Revised Statutes 44:32 requires that the custodian present any public record to any person of the age of majority who so requests. The C. B. Forgotson Act, La.R.S. 44:33.1, requires that public bodies shall make the contact information of the custodian available to the public in a manner that will allow a member of the

---

[5] The trial court received the following into evidence before orally denying Defendants' peremptory exception of no cause of action: (1) the suit record consisting of the Petition to Compel and Exhibits 1 (the public records request) and 2 (Defendants' email of March 14, 2024). In addition, the trial court heard the testimony of Mr. Pesnell who testified that he mailed the public records request to Defendants and hand-delivered a copy to Alex Washington, the city attorney.

12

public to quickly determine the appropriate person to whom a public records request should be submitted, including placing this contact on the internet.

In the present case, the City has named Mrs. McQueary, the Clerk of the Council, as the Public Records Custodian for the City. (https://www.natchitochesia.gov/government/citycouncil/publicrecords request/) (accessed January 20, 2025). According to the foregoing statutes, we deem that March 11, 2024, must be considered the date that the public record request was made because that is when the City's designated custodian received Plaintiffs' request. In argument to the trial court, counsel for Plaintiffs conceded that the City Attorney was not the custodian of the public records. We note also there was no showing made that the City Attorney delivered the public records request that day to the custodian. Therefore, we find that the trial court manifestly erred when it referenced and considered March 8, 2024, as the date the public record request was received by the custodian.

The next issue to be addressed is Defendants' contention that Plaintiffs had no cause of action because Defendants' submission of the requested records was within the thirty-day estimation provided to Plaintiffs. In support of their contention, Defendants argue that their thirty-day response time commenced on March 14, 2024, the date they provided an email outlining their response estimation. Thus, they argue that they had until April 14, 2024, to provide the requested records and that Plaintiffs had no cause of action to file suit against them until that time elapsed.

While the requested public record "generally must be made available 'immediately,' the law recognizes that some reasonable delay may be necessary to compile, review, and, when necessary, redact or withhold certain records that are not subject to production." *Roper v. City of Baton Rouge/Par. of E. Baton Rouge*, 16-1025, p. 10 (La.App. 1 Cir. 3/15/18), 244 So.3d 450, 459, *writ denied*, 18-854 (La.

13

9/28/18), 252 So.3d 926. *See also* La.R.S. 44:33(A)(6) & (B)(1)(7); La.R.S. 44:35(A)(8). Within five business days of the request, however, the custodian must provide a written "estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request." La.R.S. 44:35(A). If the custodian fails to provide that notice, the requesting party may institute proceedings for the issuance of a writ of mandamus, injunctive relief, or declaratory relief. *Id.*

In the present case, it is undisputed that Defendants timely provided an estimation of the time needed to compile the public records requested. It is also undisputed that Defendants did not have to redact or withhold certain of those records. Against that backdrop and for the following reasons, we find that March 11, 2024, is the date that the thirty-day estimation began to run, not March 14, 2024.

We base our determination of this temporal issue on the language chosen by the legislature in the enactment of the Law which stresses the importance of the immediacy for delivery of the requested records. Particularly, La.R.S. 44:33(B)(1) provides, in part, that "[i]f the public record applied for is immediately available, . . . the public record shall be immediately presented to the authorized person applying for it." Also, if the public records cannot be immediately presented and an estimated time of delivery is provided, it is only logical that the custodian has already begun an examination of the requested public records on the date he received the public records request. To find otherwise would undermine the emphasis placed by the legislature on the need for immediate delivery.

14

Moreover, as commented upon during the hearing on April 23, 2024, the trial court observed that Plaintiffs' public records request came during the runoff election for mayor in the City.[6]  In particular, the record includes the following colloquy:

> MR. PESNELL [Plaintiff and co-counsel for Plaintiffs]: . . And this is an issue that involves the right to petition and the right of free speech on the public issue, which is an election issue, which, of course, after thirty days, if he [Mayor Williams] had won that first election, I mean, we could still get the documents.  But the fact that there is a runoff means that we needed a timely production [of the public records requested] in order to be able to do anything with that if we deem it viable.

> MR. BRIGGS [Counsel for Defendants]: Just real quick . . .

> . . . .

> . . . .

> on the political argument.

> The initial production [on April 12, 2024] was made before early voting even started in the runoff.  And the subsequent production [on April 17, 2024] has also been made before the election.  Just insofar as it's a political question, production was made before the election.

> THE COURT: Not, not before early voting because we were here on Monday, [April 15, 2024,] early voting started on that Saturday[, April 13, 2024,] before that Monday.

The political context within which Plaintiffs' public records request was made has not been lost in the arguments advanced to this court.  In Defendants' brief, they state: "This case centers around the April 27, 2024[] Natchitoches Mayoral election. William Alan Pesnell and Douglas Wade Pesnell (collectively "Plaintiffs"), political supporters of the challenger, Mr. Lee Posey, sent a records request to the City of Natchitoches regarding grants obtained by Mayor Ronnie Williams, Jr."  Likewise, in their brief, Plaintiffs state: "During his campaign for re-election as Mayor for the

---

[6]  Although there was no evidence presented about the early voting dates and the date of the runoff election, it was permissible for the trial court to take judicial notice of those dates. La.Code Evid. art. 201(C).  We have likewise taken judicial notice of the specific dates for early voting and the runoff election and, after confirming those dates, have incorporated them here.  *See sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectonsCalendar2024.pdf* (accessed January 22, 2025).

City of Natchitoches, Mayor Ronnie Williams, Jr., publicly stated multiple times that he had been able to secure $40 million in grant funding during his first term as Mayor." This is further supported by a political advertisement entered into evidence and considered by the trial court that provides and contrasts a four-year grant comparison of Mayor Williams to former Mayor Posey. Under Mayor Williams's name it is noted: "New Funding 40 million dollars in grants to help with city improvement." And under former Mayor Posey's name it is noted: "No significant federal or state resources sought out for city improvements." Clearly, Plaintiffs considered that time was of the essence for Defendants to produce the documents Plaintiffs requested.

Considering that Defendants did not provide the requested documents until April 12 and 17, 2024, we find that Plaintiffs' petition filed on the afternoon of April 9, 2024, stated a cause of action. Thus, on de novo review, we affirm the trial court's denial of Defendants' peremptory exception of no cause of action.

*Attorney Fees, Costs, and Damages*

Louisiana Revised Statutes 44:35(A) provides that any person who has been denied access to public records "may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages[.]" Additionally, La.R.S. 44:35(D)(1) (emphasis added) states:

> If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he **shall** be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.

Defendants contend that Plaintiffs are not entitled to attorney fees, costs, and damages because they received the public records they requested. For the following reasons, we find no merit to Defendants' argument.

16

In *Aswell v. Division of Administration, State of Louisiana*, 15-1851, p. 7 (La.App. 1 Cir. 6/3/16), 196 So.3d 90, 94, *writ denied sub nom, Aswell v. Division OP Administration*, 16-1263 (La. 11/7/16), 209 So.3d 102, the court stated:

> The requested records were produced only after Mr. Aswell was forced to file suit pursuant to La. R.S. 44:35(A). For purposes of La. R.S. 44:35(D), the production of the records *after* Mr. Aswell filed suit is sufficient to establish that he "prevail[ed] in such suit." If we were to accept DOA's argument, public records custodians would be allowed to deny access to public records until suit has been filed and after the requestor has incurred the costs of instituting proceedings, thereby unilaterally precluding the requestor any possibility of "prevailing" on his suit. This would hinder the fundamental right of the public to have access to public records, which is guaranteed by the constitution. La. Const. art. 12, § 3, *Heath v. City of Alexandria,* 2009–28 (La.App.3d Cir.5/6/09), 11 So.3d 569, 572.

In the present case, the trial court determined that Defendants violated the Law by withholding records longer than they estimated and only complied with Plaintiffs' request after they filed suit. Although Defendants argue that the trial court's determination of this issue was flawed because it shifted the burden of proof from Plaintiffs to Defendants, we find they fail to recognize that at the summary hearing on the Petition to Compel, "the burden is on the custodian to sustain his action." La.R.S. 44:35(B). The trial court then determines the matter de novo, without any deference to the custodian's decision or the basis for that decision. *Id.* The requester who prevails in such suit "shall be awarded reasonable attorney fees and other costs of litigation." La.R.S. 44:35(D)(1).

Because Plaintiffs prevailed in their Petition to Compel, we find no error in the trial court's award of reasonable attorney fees and other costs of litigation.

*Award of Civil Penalties*

Defendants further argue that the trial court erred when it awarded civil penalties. For the following reasons, we agree with Defendants' argument.

The trial court's award of civil penalties under the Law is assessed under an abuse of discretion standard, "and the court of appeal will not overturn an award of penalties absent an abuse of that discretion." *Indep. Weekly, LLC v. Lafayette City Marshal Pope*, 16-282, p. 13 (La.App. 3 Cir. 9/28/16), 201 So.3d 951, 950, *writ denied*, 16-1942 (La. 12/16/16), 212 So.3d 1172. *See also Innocence Project New Orleans v. New Orleans Police Dep't*, 13-921 (La.App. 4 Cir. 11/16/13), 129 So.3d 668. "The trigger for a discretionary award of civil penalties is the failure of the custodian to properly respond to a requester within the [five]-day statutory period. The trial judge must also find that the custodian's failure to respond to the requester was unreasonable or arbitrary."[7] *Id.* at 675.

Louisiana Revised Statutes 44:35(E)(1) states:

> If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requestor any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requestor civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays, for each such day of such failure to give notification.

The plain wording of La.R.S. 44:35(E)(1) shows that it provides two discretionary awards: an award for actual damages and an award for civil penalties. We will examine both.

From the outset, we note that counsel for Plaintiffs explicitly advised the trial court at the hearing that it was not seeking an award for actual damages. Louisiana Civil Code Article 1853 states: "A judicial confession is a declaration made by a

---

[7] At the time the *Innocence Project* case was decided, the custodian had to respond within three days after the public records request was made. In 2022, La.R.S. 44:32(D) was amended to increase the custodian's response time from three days to five days. La. Acts 2022, No. 770 § 1. Accordingly, we have adjusted that time to reflect that legislative amendment.

party in a judicial proceeding. That confession constitutes full proof against the party who made it." A judicial confession by a party's counsel has the same effect as if made by the party itself. *Sweet Lake Land & Oil Co., LLC v. Oleum Operating Co., L.C.*, 21-169 (La.App. 3 Cir. 12/1/21), 362 So.3d 486, *writ granted in part and remanded*, 22-497 (La. 9/20/22), 345 So.3d 1022. In the present case, the trial court made no award of actual damages, and Plaintiffs have not appealed that issue.

Additionally, if the trial court finds that the custodian unreasonably or arbitrarily failed to respond to the request within the five-day statutory period, "it may award the requester civil penalties[.]" In *Roper*, 244 So.3d at 466, the court stated:

> Subsection 44:32D ensures a requesting party will be informed when a document is not produced because a custodian determined it is not subject to production. If never advised of that information, absent some independent knowledge of the document's existence, the requesting party would have no way of knowing the custodian made this determination and withheld the document. Unaware of the determination, the requesting party would have no reason to pursue judicial review of the determination.
>
> The legislature has recognized that it is essential to the operation of a democratic government that the people be made aware of all exceptions, exemptions, and limitations to the laws pertaining to public records. La. R.S. 44:4.1A. Consistent with that premise, Subsection 44:32D ensures that a party requesting a public record will be made aware of any determination by the custodian that the record is either not a public record or is otherwise exempt from production.

In the present case, the trial court based its award of civil penalties on three findings enumerated in its written reasons for judgment:

> Defendants[:] (1) presented no evidence or testimony explaining neither the initial 30-day delay nor the additional 10 days to produce the requested records, (2) produced all requested records nine days after the instant suit was filed, and (3) the request as written required no further clarification or specification nor was any further clarification or specification requested by Defendants[.]

Although those findings are factually based on the record and may have supported an award of actual damages, they are not relevant when considering an award of civil penalties. As noted above, the civil penalty provided in La.R.S. 44:32(E)(1) is justified if the party requesting the public record has not been advised by the custodian that "the record is either not a public record or is otherwise exempt from production." *Roper*, 244 So.3d at 466.

In the present case, even though the custodian advised Plaintiffs that the records would have to be examined for exemptions and possible redactions, the custodian never informed Plaintiffs that the records request would be denied because it was not a public record or was otherwise exempt from production. To the contrary, counsel for Defendants emailed Plaintiffs within five days of receipt of the public records request and advised them of an estimation of time within which the records would be provided. For these reasons, we find that the trial court manifestly erred in awarding a civil penalty to Plaintiffs.

## PLAINTIFFS' ANSWER TO THE APPEAL

In their answer to the appeal, Plaintiffs ask this court to award additional attorney fees associated with defending the trial court judgment on appeal. Louisiana Code of Civil Procedure Article 2133(A) provides, in part, that an appellee who demands damages against the appellant must file an answer to the appeal. *Miss Bee's Snoworld, LLC v. Guidry*, 20-946 (La.App. 1 Cir. 6/18/21), 328 So.3d 477. An increase in attorney fees is usually awarded where a party, who was awarded attorney fees by the trial court, is forced to and successfully defends an appeal. To determine the amount of attorney fees, factors that are considered include, among others, the ultimate result obtained, the skill exercised by the attorney, and the time and work required on appeal. *Whitbeck v. Champagne*, 14-245 (La.App. 3 Cir. 10/1/14), 149 So.3d 372. In this matter, Plaintiffs timely requested additional attorney fees by

20

filing an answer to Defendants' appeal, and they successfully defended the appeal in part. Accordingly, we find that Plaintiffs are entitled to an award of additional attorney fees in the amount of $2,000.00 for the defense of the appeal.

## DISPOSITION

For the foregoing reasons, the trial court's judgment awarding attorney fees and costs, including court costs, is affirmed. The trial court's award of a civil penalty in the amount of $800.00 is reversed and set aside. The answer to the appeal is granted, and Defendants are ordered to pay $2,000.00 in additional attorney fees to Plaintiffs. Costs of this appeal are assessed to Defendants.

**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.**